DANIEL L. RICHARDSON *vs.* JOSEPH BUTTERFIELD.

The members of an incorporated poll-parish are not individually liable on a judgment and execution against the corporation.

THIS was an action of replevin for certain articles of personal property mentioned in the writ The defendant, admit-

Richardson *v.* Butterfield.

ting the taking and detention, property in the plaintiff, and his
right to nominal damages if he was entitled to recover, justi-
fied the taking, &c., on the ground, that the plaintiff was one
of the proprietors of the First Freewill Baptist meeting-house
in Lowell, a corporation established by law ; that the defend-
ant, as a deputy-sheriff, had in his hands, for service, several
executions against the said proprietors ; and that he took the
articles in question, being the property of the plaintiff, to sa-
tisfy the same.   The proprietors of the First Freewill Bap-
tist meeting-house in Lowell were a religious society, (having
been so adjudged by this court in the case of *Wiggin* v. *First
Freewill Baptist Church in Lowell*, 8 Met. 301,) but not de-
pendent upon or connected with any territorial or geographi-
cal boundaries.

The case was tried before *Metcalf*, J., in this court, and a
verdict returned for the plaintiff, with nominal damages, sub-
ject to the opinion of the whole court, whether, upon the facts
as above reported, the verdict should stand, or the plaintiff be-
come nonsuit.

*B. F. Butler*, for the defendant.

*J. G. Abbott*, for the plaintiff.

DEWEY, J.   The articles of personal property which are the
subject of the present action, were taken by the defendant, as
a deputy-sheriff, to satisfy an execution against " the proprie-
tors of the First Freewill Baptist meeting-house in Lowell,"
a corporation which was created as a religious society, as has
already been held by this court, in a case involving the charac-
ter of their charter.   The defendant justifies the taking of this
property, upon the ground that the plaintiff was a member of
this religious society, and his property liable to be seized on
an execution against the corporate body.

This case presents distinctly for consideration the question
of the personal liability of members of incorporated religious
societies, usually known as poll-parishes, on an execution
against the society itself.   Some question was also made at
the argument, as to the membership of the plaintiff; but we
have considered the case upon the more general question
above stated.   The doctrine of the personal liability of indi-

vidual corporators, upon a judgment obtained against the corporation, of which such individuals are members, is at variance with the well-settled general principle, that individual liability, as incident to the membership of a corporation, arises only from express provision in the charter, or from some general law establishing such liability. *Stedman* v. *Eveleth*, 6 Met. 114; *Trustees of Free Schools in Andover* v. *Flint*, 13 Met. 539, 541.

This entire doctrine of the personal liability of the inhabitants of towns, and of school districts, to discharge judgments against the *quasi* corporations in which they reside, is open to the objection, that while they are held as parties individually, in respect to their liability to pay all judgments, they are not treated as parties to the action while pending, and have no right to interpose any defence to the action, except such as a majority of the corporate body may sanction. *Lane* v. *School District in Weymouth*, 10 Met. 462. We think that this principle of individual liability for corporate debts is not, in the absence of any statute provision, to be further extended. It had its origin in the peculiar character of the *quasi* corporations above alluded to, which, from their very organization, must necessarily embrace all persons within certain territorial limits; and which are so constituted, that the corporation can always be successfully resorted to, by any individual, for remuneration for any liabilities affecting his person or estate, to which he may have been subjected by reason of his being a member of such *quasi* corporation.

This liability, as applied to any inhabitant of a town, for the debts or default of the town in which he resides, is said by Mr. Dane to be founded in immemorial usage. It has been long sanctioned and is not now to be questioned. It is assumed by the court, as well-settled law, in various cases, where the question has incidentally arisen, as to towns, and it has been applied also to the inhabitants of school districts and members of territorial parishes. *Hawkes* v. *Kennebeck*, 7 Mass. 461; *Brewer* v. *New Gloucester*, 14 Mass. 216; *Merchants Bank* v. *Cook*, 4 Pick. 405, 414; *Keith* v. *Congregational Parish*

*in Easton,* 21 Pick. 261; *Chase* v. *Merrimack Bank,* 19 Pick. 564; *Gaskill* v. *Dudley,* 6 Met. 546.

In relation to school districts, it may truly be said, that like towns they are *quasi* corporations, embracing certain local districts of territory, and including all persons resident within the territorial boundaries, and the like rule, and for the same reasons, may properly apply to both. So, too, it has been held, that members of territorial parishes were personally liable to have their goods and property seized, on an execution against the parish of which they were members at the time of such seizure. How far this latter principle was held upon a supposed state of facts, which is no longer applicable to territorial parishes, may hereafter deserve further consideration. But the case now before us only requires us to decide upon the personal liability of members of poll-parishes, or religious societies, organized by voluntary association under an act of incorporation, and composed of individuals associated without reference to any geographical boundaries within which they are gathered.

It has already been remarked, as the general rule relating to corporations, that personal liability does not attach to their members. We perceive no sufficient reason for a distinction, in this respect, between religious corporations and those for other purposes, whose members are subject to no such liability. They are alike to be governed by the general rule on this subject. They have no element of locality, and nothing in their organization or charter, which would justify us in adopting a distinction, which would subject the members to a heavy individual responsibility, and one for which they might not be able to procure a remuneration, as their co-members might all discharge themselves from contribution, by voluntarily withdrawing from the society.

It may be, that the entire change, which has been introduced as to membership of territorial parishes, may be held to take the individual members of such parishes out of the rule of that personal liability, which attaches to inhabitants of towns and school districts. Formerly such parishes substantially embraced all persons residing within their territorial

Richardson *v.* Butterfield.

limits. No act was required to constitute membership of a territorial parish; but it followed the residence within the limits of such parish, as a matter of course; liable to be defeated only by the individual members attaching themselves to some other parish, and filing the proper certificate thereof. The entire residents within the limits of such parish were almost all members of the parish, and to a very considerable extent even, the organization of the town and parish was one and the same. It was this strong resemblance between towns and parishes, as to the locality of members and general features of their organization, that probably led to the application of a similar rule, as to the personal liability of individual members of territorial parishes, with that which had been previously held as to inhabitants of towns. The various statutes of 1811, *c.* 6, 1817, *c.* 189, 1834, *c.* 183, Rev. Sts. *c.* 20, and the eleventh article of the amendments of the constitution, have materially varied the law as to territorial parishes.

The fact of residency or inhabitancy, within territorial limits, no longer constitutes membership of such parish. Territorial parishes, like poll-parishes, make their own by-laws, declaring the conditions of membership; and the admission to them is entirely voluntary, on the part of the parish, as well as the individual residing within their limits. They are, under the present state of the laws, to all intents and purposes, as regards new members, as much close or exclusive corporations, as poll-parishes. I am aware, that some of the reported cases, on the subject of the personal liability of members of territorial parishes, are decisions made since the period of these changes. They were, however, recently after; and possibly the effect of those changes was not fully considered.

The present case only requires us to consider the case of members of a parish associated under an ordinary act of incorporation, and having no territorial limits. In our opinion, the members of such parish are not personally liable upon a judgment against the parish. This being the case, the defendant was not authorized to make the seizure of the articles, which are the subject of the present action. The result is, therefore that the plaintiff is entitled to judgment.