## ZENAS W. BROWN *vs.* MAYNARD LEACH.

No exception lies to the exclusion of evidence of the quality of part of a lot of goods as a sample of the whole, if it does not appear that the person who selected it was competent to judge of its comparative quality.

Upon a bill of exceptions to a ruling excluding evidence of the quality of part of a lot of goods as a sample of the whole, it is not competent to argue that the evidence was admissible to show the quality of that part in itself.

The testimony of an agent, to the substance of an oral message communicated through him from the principal, is not to be excluded in evidence against the latter, upon his objection on the ground that it is hearsay.

If a seller of goods deceives the buyer as to their quality, the buyer cannot avail himself of the deceit in defence against an action for their price, or in reduction of damages therein, if the quality was open to his own observation and with ordinary diligence and prudence he could have ascertained it.

CONTRACT on an account annexed for the price of 4972 spokes bargained and sold to the defendant, 2406 of them at three and a half cents each, 2165 at five cents each, and 401 large spokes at eight cents each. The defendant denied accepting the spokes, or ever agreeing to accept them ; alleged that they were of no value ; and denied generally all the plaintiff's allegations. Trial and verdict for the plaintiff in the superior court, before *Rock-well*, J., who allowed the following bill of exceptions :

" The defendant claimed, and introduced evidence tending to show, that the spokes delivered to him were not the same which he had seen and contracted for, but were of an inferior quality and valueless, and that on that account he declined to accept and receive them ; also that the plaintiff, by the arrangement and disposition of the spokes at the time he showed and contracted to sell them to the defendant, and by false and fraudulent representations regarding them, deceived the defendant in regard to their quality, and that they were of inferior quality and of no value.

" The plaintiff and his brother James S. Brown testified that the spokes were in a room and piled upon each side ; that the pile on one side had belonged to James ; and that the plaintiff by arrangement with James had procured the spokes of James to put with his own, so as to make up the number which he contracted to furnish the defendant.

" The defendant introduced evidence from persons who testified that they had examined the whole lot of spokes named in the writ, and that there had been selected between forty and fifty of them, which they thought were a fair sample in quality and appearance of the whole lot. He then called witnesses who had seen and examined this sample lot, and who were experts regarding spokes, and proposed to ask them questions regarding these, both as to their appearance as matter of description, and also as to those qualities of which the witnesses could testify only as experts ; and he offered to show by these witnesses that they were of inferior quality and of little value. But the judge excluded the evidence.

" James S. Brown was a witness for the plaintiff, and testified that the defendant came to the place where the spokes were

stored, in the witness's building, and examined them with the witness, and there said that he would give three and a half cents each for some of the spokes, five cents for others, and eight cents for others, and as he was going away told the witness to say to the plaintiff that he (the defendant) had been there and should trade with him for a carriage, if they could agree, in exchange for the spokes.

"The plaintiff, while testifying in the case, was afterward asked by his counsel this question: 'What did your brother tell you that the defendant told him to tell you?' and against the defendant's objection was allowed to answer as follows: 'He said the defendant made him an offer of three and a half cents apiece for my spokes, and had agreed to take his spokes and pay five cents apiece for them, and the large ones at eight cents apiece provided he could make a trade on the carriage.' The spokes above referred to were all included in the lot sued for, and the making of any such contract as the above was denied by the defendant, and one of the important questions of the case; the plaintiff contending that the price of the spokes was to be three and a half cents each for a part, five cents each for another part, and eight cents each for another part; and the defendant contending that the price was to be five cents each, for those spokes which he agreed to take.

"The defendant requested the judge to instruct the jury as follows: 'If the jury believe that the plaintiff employed words or conduct with a design to deceive the defendant as to the quality of the spokes, and the defendant was deceived thereby, it would justify him in refusing to receive the goods upon discovering the deceit; also, if they believe that the spokes were piled in the manner they were by the plaintiff or by his direction, with a view to deceive the defendant as to the quality of the spokes, and the defendant was thereby deceived, he was justified in refusing the property on discovering the fraud.' The judge declined to give the instructions unqualifiedly, but gave them with the qualification that if the deception was one which the defendant could not have discovered at the time, by reasonable effort and care in examining the spokes, so as to constitute a latent defect not dis-

coverable by reasonable care and examination on the part of the defendant, then it would justify him in refusing to receive the goods.

" To all the above rulings, instructions and refusals to rule, the defendant alleged exceptions."

*G. M. Stearns*, for the defendant.  1.  Testimony of witnesses who had seen forty or fifty of the spokes was competent, for it was material to the case to show that those were of inferior quality even if all the rest were good ; and it was also competent, in connection with the other testimony, as tending to show that the whole lot was inferior. *Rich* v. *Jones*, 9 Cush. 329, 337.  *Beecher* v. *Denniston*, 13 Gray, 354.  *Hayward* v. *Draper*, 3 Allen, 551. *Pike* v. *Fay*, 101 Mass. 134.

2.  The plaintiff's testimony of what his brother told him was incompetent, for all the evidence tending to show that the brother was authorized to tell him anything shows that it was only to give another specific message, and the defendant was not bound by any different statement he might make ; and besides, the evidence called for and given was hearsay.

3.  The qualification given by the judge in his instruction was incorrect.  It said, in effect, that actionable deceit can only exist in cases of latent defect.

*S. T. Spaulding*, for the plaintiff.

MORTON, J.  We think that the defendant's exceptions must be overruled.

1.  The bill of exceptions does not show that the ruling rejecting the testimony of the witnesses, as to the quality of the forty or fifty spokes selected as a sample of the whole lot, was erroneous.   The testimony was offered for the purpose of showing that the whole lot was of inferior quality.   Before a small portion of the spokes could be used as a sample to characterize the whole lot, it must be made to appear that it was a fair sample.  This is a preliminary question, to be decided by the presiding judge.  And his decision cannot be revised by this court, unless he reports all the facts upon which it is founded, and it appears clearly to be wrong. *Lake* v. *Clark*, 97 Mass. 346. *Rich* v. *Jones*, 9 Cush. 329. It does not appear, in this case, that the persons who selected the

small lot of spokes, which was claimed to be a sample, were experts or competent to form an opinion as to the comparative quality or value of the lot selected and the remainder of the spokes. The presiding judge had the right to reject the testimony offered, upon the ground that the small lot was not shown to be a fair sample of the whole. The point now argued by the defendant, that the testimony was admissible, because it was competent to show, in diminution of damages, that any one or more of the spokes were of inferior quality though all the rest were good, was not taken at the trial, nor ruled upon, and is not open to him under this bill of exceptions.

2. The defendant made James S. Brown his agent to communicate a message to the plaintiff, and we think that, within the fair meaning of the bill of exceptions, he authorized him to communicate the whole of his offer, as well as that part relating to the exchange of a carriage. The communication made was substantially the same as that authorized, and was therefore admissible. *Camerlin* v. *Palmer Co.* 10 Allen, 539.

3. The instructions given by the presiding judge were in accordance with the adjudications in this state. If the plaintiff, by words or acts, deceived the defendant as to the quality or value of the goods sold, yet the defendant could not maintain an action of deceit, if the goods were open to his observation, and he could by the use of ordinary diligence and prudence ascertain their quality. He should use reasonable diligence to ascertain their quality, or protect himself by a warranty. The same principle applies, when the purchaser seeks to avail himself of the deceit in defence of a suit for the price of the goods, or in reduction of damages. *Brown* v. *Castles*, 11 Cush. 348. *Gordon* v. *Parmelee*, 2 Allen, 212. *Veasey* v. *Doton*, 3 Allen, 380. *Mooney* v. *Miller*, 102 Mass. 217.          *Exceptions overruled.*