## ALBERT BAKER *vs.* MILTON GAVITT.

Berkshire. Sept. 9, 1879. — Jan. 13, 1880. ENDICOTT & LORD, JJ., absent.

On the issue whether a note secured by a mortgage of land had been paid by the plaintiff, who had bought the equity of redemption and had agreed to pay the note, the plaintiff testified that he sent a draft for the amount to A. to pay the note. A. testified that he received and deposited it in a bank to his own credit. He was then permitted to testify, against the defendant's objection, that he inquired of the maker of the note where the mortgagee was, and told him that he had the money to pay the note. The maker of the note subsequently testified that he notified the mortgagee of this communication. *Held,* that the evidence objected to was made competent by the fact that it was communicated to the mortgagee; and that the order in which the evidence was put in afforded the defendant no ground of exception.

If the evidence in a case is conflicting, the presiding justice is not obliged to rule that evidence, which merely tends to show fraud on the part of a witness, is competent as affecting his credit.

A., a person who had assumed to pay a note secured by a mortgage of land, sent the money to B. with directions to pay it to the mortgagee. B. communicated the fact to C., who persuaded the mortgagee to discharge the mortgage and give up the note, and take his note and that of B. in lieu thereof. *Held,* on the issue whether the mortgage had been duly discharged and the note secured by it paid, that A. was not affected by the fraud of C.

The right of a person, who has assumed to pay a mortgage note, to pay it to the mortgagee, does not depend upon the mortgagee's agreement to receive payment from him and to release the maker.

After breach of the condition of a mortgage of land, the mortgagor paid the amount due and received a discharge of the mortgage not under seal. After this the mortgagee entered for the purpose of foreclosing the mortgage, and notified a tenant of the mortgagor not to pay rent to the mortgagor. In an action by the mortgagor on the Gen. Sts. *c.* 137, § 5, to recover possession of the land from the tenant, the latter set up the title of the mortgagee. *Held,* that the action could be maintained.

If a bill of exceptions does not show that evidence, admitted without objection, was contended to be competent on more than one issue, it is no ground of exception that the jury were instructed to consider it only as bearing upon that issue.

ACTION on the Gen. Sts. *c.* 137, § 5, to recover possession of a parcel of land in North Adams, alleged to be held by the defendant unlawfully and against the right of the plaintiff. Writ dated September 10, 1878. The answer averred that the defendant was in possession as a tenant of Betsey Kimball, and not as a tenant of the plaintiff; that Betsey Kimball was mortgagee of the premises lawfully in possession for condition broken at the time of a lease of the same by her to the defendant. At

the trial in the Superior Court, on appeal, before *Brigham*, C. J.,
the jury returned a verdict for the plaintiff; and the defend-
ant alleged exceptions, the substance of which appears in the
opinion.

*F. P. Brown*, for the defendant.

*M. Wilcox*, (*A. Potter* with him,) for the plaintiff.

COLT, J.    The premises, which were leased by the plaintiff
to the defendant, had been subject to a mortgage made by E. J.
Carey to Mrs. Betsey Kimball, which the plaintiff, when he be-
came owner of the equity of redemption, assumed and agreed to
pay.    Mrs. Kimball made peaceable entry under the statute to
foreclose this mortgage, and the defendant, after the entry, paid
rent to her and refused to pay it to the plaintiff; the relation of
landlord and tenant was thereupon terminated by a notice to
quit given by the plaintiff.

At the trial, the plaintiff, claiming that the mortgage had been
paid before the entry, produced the note and also the mortgage,
upon which was indorsed an acknowledgment of satisfaction,
and a discharge, not under seal, signed by Mrs. Kimball, and
dated before her entry was made.    The question at issue was
whether the note had been actually paid, and the discharge
fairly obtained by the plaintiff.

The plaintiff, who lived in the State of New York, testified
that he sent a draft to one Davenport, to pay the balance due
on the note, and have the mortgage discharged.    Davenport
testified that he duly received the draft and deposited it in a
bank to his own credit.    He was then, under the defendant's
objection, allowed to state that he asked Carey, the maker of
the note and mortgage, where Mrs. Kimball was, and told him
that the plaintiff had sent the money to pay the mortgage, and
that it was then in the bank in his name.    The defendant still
insists on his objection; but the answer to it is, that this evidence
was not offered to prove the fact that money had been sent to
the witness as stated.    That fact had been fully proved by his
own testimony, and by the testimony of the plaintiff, and was not
in dispute.    It was offered only to show what communication
took place between Davenport and Mrs. Kimball, through Carey,
as to the payment and discharge of the mortgage; to show what
it was that Davenport requested the latter to say, and which

Carey himself testified he afterwards communicated to Mrs. Kimball, as requested. The evidence was made competent by the fact that what was said by Davenport was communicated to Mrs. Kimball. The order of proof in the admission of such evidence is in the discretion of the court. *Ray* v. *Smith,* 9 Gray, 141.

Under the instructions given, the jury must have found either that Mrs. Kimball actually received the money sent by the plaintiff to pay the mortgage, or that, upon the offer of the money to her without condition or restriction, she chose to treat it as in effect paid into her hands, and thereupon gave up the note and discharged the mortgage. They must have further found that the arrangement made with Carey and Davenport, by which she received their notes for the money thus paid or offered to be paid by the plaintiff, was in effect an independent loan from her to them; and that the plaintiff was in no way privy to any false or fraudulent representations by which they induced her to lend the money. There was evidence sufficient to justify these findings, and the verdict cannot be disturbed, unless the instructions requested by the defendant should have been also given in whole or in part.

The judge properly declined to rule that evidence tending to prove fraud on the part of Carey in obtaining the money from Mrs. Kimball was competent as bearing on his credibility as a witness, and that, if such fraud was proved, there was no payment. In a case of conflicting evidence the judge is not required to rule that evidence which had been put in merely tending to prove fraud in a witness is competent as affecting his credit. The credit of the witness could not be properly affected unless the fraud, upon all the evidence, was proved. As to the last part of the request, the answer is, that the fraud of any other person in obtaining the money from Mrs. Kimball was wholly immaterial to the plaintiff's rights, unless the plaintiff was a party to such fraud. The second ruling requested, that Carey was to be treated as the principal, unless Mrs. Kimball had agreed to receive payment of the plaintiff and to release Carey, was properly refused, because the right of the plaintiff to pay the note and redeem the mortgage did not depend on the mortgagee's agreement to receive payment from him and release

the mortgagor. The real question was whether she did in fact receive payment. The third ruling, so far as it was called for by the evidence in the case, was sufficiently covered by the instructions given.

The fourth ruling asked for, namely, that the discharge did not legally revest the title to the land in the mortgagor if the payment was made after condition broken, and that, the mortgagee being in possession, this action could not be maintained, could not be properly given. It is settled, that, upon payment after breach of condition, there is left in the mortgagee, who has not properly released and discharged his claim, a bare legal title, held in trust for the sole benefit of the mortgagor and those claiming under him, which cannot be availed of to defeat their possession of the premises. A writ of entry cannot be maintained, because no conditional judgment for the amount due can be rendered as required by the statute, and the legal title of the mortgagee held in trust for the mortgagor will not be permitted to defeat a possession which is in strict accordance with the trust. The right which is given by statute, to obtain possession by open and peaceable entry after breach of condition, can no longer exist, because that right is given only for the purpose of foreclosing a mortgage which has not been paid. *Slayton* v. *McIntyre*, 11 Gray, 271. *Fay* v. *Cheney*, 14 Pick. 399. *Wade* v. *Howard*, 11 Pick. 289. *Wolcott* v. *Winchester*, 15 Gray, 461.

It follows that, if Mrs. Kimball had no right to the possession, then she had no right to demand payment of rent, and the defendant cannot set up in defence of this action that he had, after her entry, attorned to her. The defendant went into occupation of the premises as tenant of the plaintiff. He can defend against his landlord's title only by showing that he has been ousted by a superior title, or has attorned to one having a superior title to avoid being ousted. This he fails to do, because Mrs. Kimball, to whom he attorned, had no title which could avail her to defeat the possession of the plaintiff.

The only remaining objection insisted on at the argument is to the restriction put by the judge on the use to be made of the reputed credit and financial standing of Carey and Davenport at the time of the transaction with Mrs. Kimball. The jury were told that their reputation, if known to her, was material

evidence on the question whether it was probable that she would have taken their notes for the money then in her hands or at her disposal, and not material on the other questions in the case. But if this evidence was offered for any other purpose, it was the duty of the defendant, if he would save his exception, to call the attention of the judge to it at the time, and request a specific ruling upon it. The case does not show that the evidence was offered or intended to be used for any other purpose than that indicated by the judge. *Exceptions overruled.*