GAGE MANUFACTURING COMPANY *vs.* JAMES A. PARR & another.

Middlesex.   January 10. — 13, 1885.   COLBURN, J., absent.

No exception lies to the exclusion of evidence, unless the bill of exceptions shows that the evidence was material to the issue.

CONTRACT, against James A. Parr and Jonathan Ladd, as copartners, doing business under the firm name of the Parr Manufacturing Company, on a promissory note signed in the firm name. Ladd alone defended. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

Parr was not present at the trial. The plaintiff contended that Ladd was a member of the defendant company, and had held himself out as such. Employees of the company, and others, testified that Ladd was frequently on the premises of the company, and appeared to have authority there, ordering the help about, advising the conduct of the business, and in other ways showing an interest in it. The agent of the plaintiff, David A. Gage, testified that Parr told him that Ladd was his partner; that, in consequence of such representations, Gage called upon

Ladd and told him what Parr had said, and asked him if it was true; and that Ladd replied that it was. Joseph Sawyer, of the firm of Sawyer and Manning of Boston, also testified that Parr made similar representations to his firm; and that he communicated with Ladd, who assented to them.

Ladd introduced evidence tending to show that he was not a copartner in said company; and testified that his sole connection with Parr was on account of certain loans made by him to Parr, and on account of being employed by Parr as his attorney; that whatever he did in regard to Parr's business was done as his counsel, or at Parr's request and direction, and not as a copartner; that he never advised him about his work, but only about his legal business. He was allowed to testify fully as to what his duties were as counsel; and introduced receipts of Parr for money which he had collected, and other evidence tending to contradict the relation of partnership; and testified further, that he furnished Parr money as a loan, which he was induced to do upon certain statements made by Parr. He was also allowed to show the amounts and dates of such loans, and from what banks or individuals they were obtained, and how they were paid or secured.

As tending to show further what the transactions were relating to the money furnished by Ladd to Parr, and to contradict the admissions of Parr, Ladd was asked by his counsel, "What did Parr say to you in relation to the loans or notes which you made or indorsed for him when he got them from you." This question was excluded.

The jury returned a verdict for the plaintiff; and the defendant Ladd alleged exceptions.

*F. T. Greenhalge*, for the defendant.

*G. A. Byam & L. T. Trull*, for the plaintiff.

MORTON, C. J. It does not appear that there was any error in excluding the question, "What did Parr say to you in relation to the loans or notes which you made or indorsed for him when he got them from you." As a general rule, declarations made by one defendant to the other are not competent against the plaintiff. If there was any feature of the case which rendered such declarations competent, it was the duty of the defendant to disclose it in the bill of exceptions. Parr was not a

witness, and his declarations were not admissible to contradict him. The bill of exceptions does not show what the declarations offered were, nor that they were material to any question in issue. The exceptions must therefore be overruled. *Safford* v. *Grout*, 120 Mass. 20.                    *Exceptions overruled.*