CHARLES T. HATHAWAY *vs.* JOHN M. TINKHAM.

Bristol.    October 25, 1888. — November 28, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Exceptions — Point not raised at Trial — Evidence — Injury from
Bite of Dog — Due Care.*

If a bill of exceptions discloses that evidence at a trial was excluded upon one
ground only, and does not show that it was material or important, it is not open
to the excepting party to argue that it was competent on other grounds.

The owner or keeper of a dog is liable, under the Pub. Sts. c. 102, § 93, for an
injury done by it to a person in the exercise of due care, although such injury
was done in play, and without any vicious intent on the part of the dog.

At the trial of such an action for an injury done to a boy by a dog, the defence
being that he was hurt by stones upon which the dog threw him in play, evi-
dence was offered that a similar injury was caused to another boy by his being
thrown from a velocipede upon the ground near the same place. *Held*, that the
evidence was rightly excluded.

TORT, under the Pub. Sts. c. 102, § 93, to recover for per-
sonal injuries occasioned to the plaintiff by a dog owned by the
defendant. Trial in the Superior Court, before *Thompson*, J.,
who allowed a bill of exceptions, which, so far as material, is
as follows.

The evidence tended to show that, on a Saturday afternoon,
while the plaintiff, a boy about six years of age, was on the side-
walk of the street in front of the defendant's residence, the dog
came out of the yard, and ran growling up to the plaintiff, and
jumped upon him and threw him to the ground; and that the
injuries consisted of cuts on the plaintiff's right cheek and on
the under side of his upper lip, caused either by the teeth of the
dog or by stones upon which he fell.

. The mother of the plaintiff described the plaintiff's wounds,
and testified that the defendant called upon her on the Sunday
morning following, and that she had a conversation with him,
in the course of which the defendant said that he was sorry the
dog bit the plaintiff, and that he would pay any one to shoot
him. The defendant, who testified that during the conversa-
tion on Sunday morning the plaintiff's mother was engaged in
dressing the wound on his face, was then asked what she said

about the wound; but, upon objection being made by the plaintiff, the judge excluded the question, saying, " I do not see how that is competent, what she said about it; she is not a party to this case."

The defendant's son, a boy eleven years of age, was called as a witness, and, upon the attention of the jury being directed by the defendant to a scar in the middle of the witness's forehead, claimed to be similar in size and appearance to the one on the cheek of the plaintiff, was asked how it was caused. The defendant, in offering to show how the wound upon the witness's forehead was caused, contended that, if he could show that shortly before the injury to the plaintiff the witness had taken a " header " from a velocipede and fallen on the ground in front of the defendant's house, and at about the same spot where the plaintiff was injured, it would be competent evidence for the jury to consider. The judge excluded the evidence, and ruled that, even if the wound was similar in size, length, and appearance to the wound on the plaintiff's cheek, it would not be competent.

There was also evidence tending to show that the boy had been in the habit of playing with the dog; and the defendant contended that what the dog did was in play, and requested the judge to rule and instruct the jury as follows: " That if the boy was playing with the dog, and he was thrown upon the ground, without any vicious intent of the dog, and the cuts on his face were caused by striking his face on the ground, the plaintiff cannot recover. That to recover for the direct personal injury from the bite of a dog, it must be made to appear that the dog bit the person meaning to injure him, and not in sport or play, under the declaration. That if they were both playing together, and the dog, by accident, without vicious intent, bit or injured him, the plaintiff cannot recover."

The judge refused so to rule, and, among other things, instructed the jury that, " If he was in the exercise of ordinary care and was injured by the dog, he is entitled to recover. The intent of the dog, if he was simply playful or frolicsome, would not affect the question of liability. If he came out to play with the boy, the defendant would be just as liable. It would not affect the question of liability."

The jury returned a verdict for the plaintiff in the sum of $1,200 ; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*L. LeB. Holmes & E. D. Stetson*, for the plaintiff.

C. ALLEN, J. 1. When the defendant was asked what the plaintiff's mother said about the wound, the question was objected to and excluded, the judge saying, " I do not see how that is competent, what she said about it ; she is not a party to this case." This disclosed the ground on which the evidence was excluded, namely, that it was a declaration by a third person in regard to the wound. It is, however, now sought to establish its competency on other grounds : 1st, that it was in the presence of the plaintiff ; 2dly, that it would tend to contradict or control the mother's testimony ; and 3dly, that it was a part of the same conversation testified to by her. But there is nothing to show that at the trial the admissibility of the evidence was urged on either of these grounds, and therefore they are not now open to the defendant. *Wheeler* v. *Rice*, 8 Cush. 205. *Brown* v. *Leach*, 107 Mass. 364. *Baker* v. *Gavitt*, 128 Mass. 93, 96, 97. *New Haven & Northampton Co.* v. *Campbell*, 128 Mass. 104, 107. *Stone* v. *Sargent*, 129 Mass. 503, 512. Besides, there is nothing to show what the testimony of the defendant would have been if admitted, or what the defendant offered to prove thereby, or that it would in any aspect have been material, and for this reason also an exception to its exclusion cannot be maintained. *Wheeler* v. *Rice*, 8 Cush. 205. *Burke* v. *Savage*, 13 Allen, 408. *Gage Manuf. Co.* v. *Parr*, 138 Mass. 462. *Atherton* v. *Atkins*, 139 Mass. 61. *Warren* v. *Spencer Water Co.* 143 Mass. 155, 164. Putting in evidence a portion of a conversation which is material will not entitle the adverse party to put in other portions of the same conversation which are in their nature immaterial and incompetent. *Commonwealth* v. *Keyes*, 11 Gray, 323, 325. *Straw* v. *Greene*, 14 Allen, 206. It cannot now be assumed that the offered testimony would have been important, or material.

2. The evidence which was offered to show how the injury to the defendant's boy was caused, was clearly incompetent. If this testimony had been admitted, the plaintiff might have introduced other evidence to contradict it; and thus a new issue

would have been presented, having nothing to do with the issue on trial.

3. There was no error in respect to the instructions to the jury. The injury to the plaintiff may have been caused by the dog's biting him, or by jumping upon him and throwing him to the ground. No other form of injury is suggested by the evidence reported, or by the instructions which were asked. There can be no doubt that an injury done to a person in either of these modes is within the statute. *Sherman* v. *Favour*, 1 Allen, 191. *Denison* v. *Lincoln*, 131 Mass. 236. But the defendant asked the court to rule, in substance, that if such an injury in either mode was done in play, without any vicious intent on the part of the dog, the plaintiff could not recover. But this would be reading into the statute an element not found there. The statute is, " Every owner or keeper of a dog shall forfeit to any person injured by it double the amount of damages sustained by him, to be recovered in an action of tort." Pub. Sts. c. 102, § 93. Similar statutes have long existed in Massachusetts. Gen. Sts. c. 88, § 59. Rev. Sts. c. 58, § 13. St. 1798, c. 54, § 3. The intent of the dog is not material. The Legislature imposes upon owners and keepers of dogs a responsibility for their acts, irrespectively of any question of their intent. It is quite possible that injury may be done by a dog even with an affectionate intent. A dog may bite or jump upon a person in a playful mood. The statute casts the responsibility for injury thus done upon the owner or keeper of the dog. It is, however, essential to a plaintiff's right to recover, that he should have been in the exercise of ordinary care himself. In other cases the question has been discussed, what acts may be consistent with ordinary care; *Munn* v. *Reed*, 4 Allen, 431; *Plumley* v. *Birge*, 124 Mass. 57 ; but that does not arise here.

*Exceptions overruled.*