## GEORGE H. NEAL *vs.* CITY OF BOSTON.

Suffolk.   November 24, 1893. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Defective Highway — Evidence.*

In an action against a city for personal injuries occasioned to the plaintiff by falling upon ice which had accumulated in a depression in the sidewalk of a highway, which depression the plaintiff's evidence tended to show had existed continuously from the previous winter to the time of the accident in the spring, and was so formed as to retain water, the plaintiff has no ground of exception to the exclusion of evidence offered to show that the habitual condition of the depression during the previous winter was that it was coated with ice.

At the trial of an action against a city for personal injuries occasioned to the plaintiff by falling upon ice which had accumulated in a depression in the sidewalk of a highway the plaintiff asked a witness, who testified that the day before the injury to the plaintiff she saw ice in the depression, " Is there anything which causes you to remember particularly the condition of that walk on that day ? " The plaintiff admitted that his purpose was to show that the witness remembered it because she slipped on the ice in the depression ; and also that the fact that she slipped had no tendency to show the defendant's liability. The judge excluded the question ; but the witness was not precluded from stating the extent and particularity of the examination which she made of the place. *Held,* that it was within the discretion of the judge to exclude the question

At the trial of an action against a city for personal injuries occasioned to the plaintiff by falling upon ice which had accumulated in a depression in the sidewalk of a highway on March 22, a police officer testified that he was on duty upon the way in question, and went over the sidewalk at the place of the accident several times a day; and that he did not remember specifically the condition of the sidewalk on March 22. The defendant was then allowed to ask him, "For the period of time from the first of February down to and including the twenty-second day of March, in what condition was the sidewalk" at the place in question "kept?" *Held,* that it could not be said that the evidence was improperly admitted.

TORT, for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced evidence tending to show that on the night of March 22, 1892, he was travelling on the brick sidewalk in front of a building numbered 13 on Pine Street, which was one of the defendant's public ways; that there was at that time a sunken place or depression in the sidewalk; that the depression extended from the curbstone towards the building between two and three feet, and was about four feet in width; that part of the curbstone in front of the depression was higher than the depression; that the deepest part of the depression was about one foot from the curbstone, and this part was about three inches in depth; that the depression had been there continuously from the previous winter, and up to the time of the injury to the plaintiff; that the formation of the depression was such that it would retain rain or melted snow which flowed from the adjacent walk; that on March 17 and 18 there was a snow-storm, which on March 18 turned to sleet, and then to rain, and about nine o'clock on the forenoon of March 19 the rain ceased and the temperature fell below freezing, and the weather continued cold and clear up to the evening of the accident, when it became cloudy; that ice formed in the depression on March 19, and remained there up to and including the time of the accident; that this ice was smooth and slippery; and that the plaintiff, while travelling over the sidewalk, stepped on the ice, slipped, and fell, receiving the injuries complained of.

The defendant introduced evidence tending to show that the depression was less than the plaintiff's evidence tended to show; that after the snow-storm the sidewalk, on March 18, was

cleared twice of snow; and that there was no snow or ice in the depression on March 19, or at any time thereafter up to and including the time when the plaintiff received the alleged injury.

The plaintiff asked a witness whom he had called, and who testified that he knew what was the usual condition of the depression as to snow and ice previously to the snow-storm of March 17 and 18, and during the previous winter, " What was that condition? " The defendant objected to this question. The plaintiff then said that he proposed to show " that during this time the habitual condition of that depression was that it was coated with ice." Whereupon the judge asked him, " Do you mean to say that you propose to show that this part of the sidewalk was covered with ice and snow continually for months previous to this accident? " The plaintiff answered, " I mean to show that that part was habitually, but not continuously, coated with ice; because there would be times when there was not any ice on any sidewalk in the winter; but at various times during the winter I propose to show that there was ice in that depression; it was the usual condition of that depression." The judge then said: " For the purpose of showing that the form of the sidewalk was such that snow and ice would accumulate, I have allowed you to prove; but that snow and ice were there, — actually there on those occasions, in some form, — I do not think it is admissible "; and the plaintiff excepted.

The plaintiff asked a witness who testified that the day before the injury to the plaintiff she saw ice in the depression, " Is there anything which causes you to remember particularly the condition of that walk on that day? " The defendant objected to the question. The plaintiff then stated that he desired to show by this witness that her attention was called to there being ice in this depression the day before the injury to the plaintiff on account of her slipping on the same; that he did not contend that the fact that she slipped on this ice had any tendency to show that the defendant was liable to the plaintiff in this action; but that the fact of her slipping on ice in the depression was a circumstance which caused her to particularly examine the depression at that time, and to remember its condition. The judge excluded the question, but the witness was

not precluded from stating the extent and particularity of the·
examination which she made of the place; and the plaintiff
excepted.

The defendant introduced evidence that the snow-storm above
referred to was the last snow-storm of the season; that it ceased
on the afternoon of March 18; and that the sidewalk was shov-
elled off about four o'clock in the afternoon of that day.

A police officer testified that he was on duty on Pine Street
and elsewhere from eight o'clock in the morning to six o'clock
in the afternoon; that he went over the sidewalk in front of
13 Pine Street four or five times a day; and that he did not
remember specifically the condition of the walk on March 22.
The defendant asked him, "For the period of time from the
first of February down to and including the twenty-second day
of March, in what condition was the sidewalk in front of 13 Pine
Street kept?" To this question the plaintiff objected. The
judge admitted the question, and the witness answered, "That
sidewalk was kept free from ice and snow"; and the plaintiff
excepted.

The jury returned a verdict for the defendant; and the plain-
tiff alleged exceptions.

*E. H. Pierce*, for the plaintiff.

*T. W. Proctor*, for the defendant.

MORTON, J. 1. From the questions put by the judge to the
counsel for the plaintiff, and his answers, it appears that one
object at least in asking what was the condition of the depres-
sion as to snow and ice during the previous winter was to show
that there were snow and ice there for more or less continuous
periods at different times. That the judge understood that to
be in substance the offer would. seem to be indicated by his
reply, or at least is fairly to be inferred from it. He said that
he had allowed it to be shown that the form of the depression was
such that ice and snow would accumulate there, but he did not
think it admissible to show that "snow and ice were there,
actually there on those occasions in some form." The counsel
for the plaintiff not only did not dissent from this view of what
he had offered to show, but seems to have acquiesced in it, and
to have excepted to the ruling as thus made. The ruling was
clearly correct, according to this understanding of the offer;

and we do not think that the plaintiff is now entitled to argue, upon a ground not called to the attention of the court, that the evidence was admissible.   *Wheeler* v. *Rice*, 8 Cush. 205.   *Hamilton Woollen Co.* v. *Goodrich*, 6 Allen, 191.   *Brown* v. *Leach*, 107 Mass. 364.   If this view of the course of the trial is erroneous, as it may be, it results from the imperfect manner in which the question is presented by the plaintiff in his exceptions.

2. It was admitted that by the question put to the witness, " Is there anything which causes you to remember particularly the condition of that walk on that day ? " the purpose was to show that she remembered it because she slipped on the ice in the depression.   The fact that she slipped was also admitted to be incompetent of itself to affect the defendant's liability. The question was not generally whether the attention of the witness was particularly directed to the depression, and whether she made a particular examination of it.   It is expressly stated in the exceptions that the witness was not precluded from stating the extent and particularity of the examination which she made.   We think that, under the circumstances, it was within the discretion of the court to exclude the question as put.

3. If the police officer was not able to remember specifically the condition of the sidewalk on the day of the accident, but was able to remember its condition between certain dates which included the day of the accident, it was competent for him so to testify.   The weight of the testimony was for the jury, and how far each side of the day of the accident the limit should extend was for the court, in the exercise of a reasonable discretion, to decide.   We cannot say that its discretion was not reasonably exercised, though the limit might perhaps without injustice have been made shorter.

*Exceptions overruled.*