ADA WHITTET, *p. a.*, *vs.* CHRISTIAN M. BERTSCH.

APRIL 12, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

(1)  *Dogs.*  "*Enclosure.*"

Under the provisions of Gen. Laws, 1909, cap. 135, § 3, "If any dog shall assault or bite or otherwise injure any person while travelling the highway or out of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved for all damages sustained and it shall not be necessary, in order to sustain any such action, to prove that the owner or keeper of such dog knew that such dog was accustomed to do such damage," premises of a defendant which are not surrounded by any fence, ditch or hedge cannot be considered as an *enclosure* within the purview of the statute.

(2)  *Dogs.  Evidence.*

In an action under Gen. Laws, 1909, cap. 135, § 3, to recover damages for injuries resulting from the bite of a dog, evidence regarding the character of the dog some six months after the injury, was properly excluded.

Under Gen. Laws, 1909, cap. 135, § 3, the character of the dog is not material, for the statute has enlarged the common law liability, and evidence that the dog had always been peaceable prior to the infliction of the injuries would not be admissible.

TRESPASS. Heard on exceptions of defendant and overruled.

VINCENT, J. This is an action of trespass brought by the plaintiff against the defendant to recover damages for injuries resulting from the bite of a dog.

The suit is brought under Section 3 of Chapter 135, General Laws of Rhode Island, which provides that, "If any dog . . . shall assault or bite, or otherwise injure, any person while travelling the highway or out of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved as aforesaid for all damages sustained . . . and it shall not. be necessary, in order to sustain any such action, to prove that the owner or keeper of such dog knew that such dog was accustomed to do such damage."

The declaration of the plaintiff is in two counts. The first count alleges that a dog kept by the defendant assaulted and wounded the plaintiff while the plaintiff and said dog were "upon an open lot of land adjoining the property of the defendant and while said dog was out of the enclosure of its owner, the said defendant." The second count alleges that the defendant "did keep on his premises a dog, well knowing that the said dog was vicious and of such a nature as to bite mankind," and because of the negligence of the defendant in failing to secure and fasten the said dog it assaulted the plaintiff "while she was on the defendant's land, which was not enclosed."

At the trial the plaintiff testified that while she was playing with one of the children of the defendant upon an open lot, near to or adjoining the defendant's premises, she was assaulted and bitten by the defendant's dog. She is corroborated to some extent by the doctor, who attended

her and probed her wounds, and who testified that such wounds were in his opinion made by the teeth of a dog. Testimony was offered by the defendant to the effect that the plaintiff came upon his premises and while there her feet, through the natural movements of the dog, became entangled in a chain some ten or fifteen feet in length, with which the dog was secured to a dog house, and was thrown down and that her injuries resulted from her contact with some broken glass on the ground. The defendant does not claim that on May 19, 1914, the date of the alleged injury, his premises were enclosed by a fence or any other device designed to bar access thereto or exit therefrom.

The jury returned a verdict for the plaintiff for $150. A motion for a new trial was denied by the trial judge and the case is now before us upon the defendant's exceptions.

The defendant in his brief has considered his exceptions numbered 5, 6 and 7 together and we think that they may properly be so considered by this court as they involve substantially the same questions.

The fifth exception is to certain portions of the charge of the trial judge in which, after referring to the statute before quoted, he instructed the jury that, "the question in this case is simply whether the dog bit the little girl, regardless of whether it was on the open lot, or whether it was on this man's land. . . . Assuming that it was on his land and that the dog was chained up, you will remember that there wasn't any fence or any protection from the highway or from the adjoining land; in that case, if the little girl went on there, and the dog bit her, as I understand the law, Mr. Bertsch would be liable for the damage which followed, and I so charge you. . . . A man in this state keeps a dog at his peril, unless he keeps him in an enclosure. An enclosure . . . is land which is surrounded by some sort of a fence or hedge, or something of that kind."

The sixth exception is to the refusal of the court to charge the jury that "if they find from the evidence that the dog

was chained on that part of the defendant's land used by him as a yard they must bring in a verdict for the defendant."

The seventh exception is to the refusal of the trial court to charge the jury that "if they find from the evidence that the damage complained of took place on that part of the defendant's land used by him as a yard they must bring in a verdict for the defendant."

The first question which arises is, can the premises of the defendant, although not surrounded by any fence, ditch (1) or hedge be considered as an enclosure within the purview of the statute ? We do not think it can be so considered. In the case of *Peck* v. *Williams*, 24 R. I. 583, this court said, "The word 'enclosure,' in its ordinary legal signification, imports land enclosed with something more than the imaginary boundary line; that is, by some visible or tangible obstruction, such as a fence, hedge, ditch, or an equivalent object for the protection of the premises against encroachment." To the same effect see, also, *Dudley* v. *McKenzie*, 54 Vt. 685; *Appeal of Hall et al.*, 112 Pa. St. 42; *Smith* v. *Williams*, 2 Mont. 195; *Miller* v. *Chicago & N. W. R. Co.*, 133 Wis. 183; *Tapsell* v. *Crosskey*, 7 M. & W. 441; 22 Cyc. 62. The first and second exceptions of the defendant relate to the same matter, that is, the exclusion of evidence regarding the character of the dog some six months or more after the time when it is alleged the injuries were inflicted upon the plaintiff. We think this ruling of the court was without error. The character of the dog was not material. The question related to a period subsequent to and somewhat remote from the alleged injuries and besides the previous (2) good character of the dog, if shown, would not exempt the owner or keeper from liability if the injury to the plaintiff was established. The statute has enlarged the liability at common law and evidence that the dog had always been peaceable prior to the infliction of the injuries would not be admissible. *Pressey* v. *Wirth*, 3. Allen, 191. Even where the injury is done in play the defendant has been held liable. *Hathaway* v. *Tinkham*, 148 Mass. 85.

The fourth exception of the defendant is to the exclusion of the following special finding. "The defendant requests the jury to answer the following question: Does the evidence show that the dog was chained to a dog house used by him as a yard at the time of the accident?" The court refused to allow this special finding in the form submitted but signified its willingness to submit to the jury specially the question whether the occurrence complained of took place in the yard of the defendant and whether the dog was chained at the time, but this offer of the court the defendant declined to accept. We think that the special finding in the form as submitted by the defendant was meaningless and was properly rejected by the court.

The third and eighth exceptions of the defendant, the one to the refusal of the trial court to direct a verdict and the other to the denial of the motion for a new trial now remain and in view of the conclusions already reached require but brief consideration.

The testimony as to the place where the injuries were inflicted and as to whether the same were caused by the bite of the dog or by falling upon broken glass is conflicting and we cannot say that the conclusions reached by the jury and later by the trial court were erroneous.

The defendant's exceptions are all overruled, and the case is remitted to the Superior Court, with direction to enter judgment on the verdict.

*George J. Sheehan,* for plaintiff.
*Daniel P. Macdonald,* for defendant.