HERMAN EDWARD KLEIN *vs.* JOHN FOX.

Suffolk.   November 7, 1952. — January 5, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence*, Relevancy and materiality.  *Practice, Civil*, Exceptions: what
    questions open.

A party excepting to the exclusion of evidence offered solely on one ground
    cannot urge in this court that the evidence was admissible on another
    ground.
On the issue of the amount payable by the defendant to the plaintiff for
    services rendered, evidence offered by the defendant to contradict
    testimony by the plaintiff as to what a third person had paid him for
    services rendered at a different time related to an immaterial issue
    and its exclusion was not error.

CONTRACT.  Writ in the Superior Court dated January 3,
1951.

The action was tried before *Broadhurst*, J.

In this court the case was submitted on briefs.

*John N. Kelly*, for the defendant.

*Sherman Rogan*, for the plaintiff.

LUMMUS, J.  This is an action of contract to recover for
the services of the plaintiff as an accountant in preparing
for the defendant his Federal income tax returns for 1947,
1948, and 1949.  The declaration is in two counts, both for
the same cause of action, and alleges that $2,643 is due.
The plaintiff had a verdict for $1,202.35 and the defendant
alleged exceptions.

The plaintiff testified that the defendant promised to pay
him $10 an hour for his work, and that he was owed a bal-
ance of $2,613.  The defendant denied that there was any
agreement to pay $10 an hour, and testified that the agreed
rate of pay was $1.97 an hour.  On cross-examination the
plaintiff admitted that he had previously worked for the
defendant for $1.92 an hour and for $4 an hour.   The

plaintiff also testified that one Quint, an accountant, had paid him $3.50 an hour for earlier work. Quint was called as a witness by the defendant, who offered to show by him that the plaintiff had presented a bill to Quint showing that the plaintiff received from Quint payment at a smaller rate than $3.50 an hour. That evidence was excluded by the judge, subject to the exception of the defendant, which raises the only question before us. The evidence which was excluded was offered solely as a statement inconsistent with the plaintiff's testimony.

The defendant did not offer this evidence of Quint as bearing on the fair value of the plaintiff's services. The rule is that a party offering evidence on one ground may not in this court urge that it was admissible on another. *Wheeler* v. *Rice*, 8 Cush. 205, 208. *Brown* v. *Leach*, 107 Mass. 364, 368. *Atherton* v. *Atkins*, 139 Mass. 61, 63. *Hathaway* v. *Tinkham*, 148 Mass. 85, 87. *McKay* v. *Polep*, 311 Mass. 567, 571.

Dealing with that evidence on the ground on which it was offered, we think that it related to an immaterial issue. What Quint paid the plaintiff, at a different time and under a different contract, was not material to the issue as to what the defendant was to pay him. In *Graves* v. *Jacobs*, 8 Allen, 141, 143, the plaintiff claimed payment for the labor of his intestate for the six years preceding March 1, 1859. The defendant introduced evidence tending to show that the intestate could perform little labor and by agreement was paid by board, clothing and trifling gifts. The plaintiff then called a witness for whom the intestate worked before 1852, and offered to show the value of his labor then. The judge excluded the offered evidence, and the plaintiff excepted. This court sustained the ruling, saying, "it is manifest that no aid in its determination can be afforded by inquiries in relation to the value of services rendered at an earlier period and for a different person. They are independent transactions, in respect to which the rights of the parties are to be considered in view of the evidence applicable to each of them. Proof in reference to the one has

no tendency to show what justice requires in the other case." See also *Shepard* v. *Ashley*, 10 Allen, 542.

There was no error in excluding evidence immaterial to the issue being tried. *Silver* v. *New York Central Railroad*, *ante*, 14, 20–21. Besides, Quint was allowed to testify that he had the plaintiff's own time sheets showing that the plaintiff was not paid by Quint at the rate testified to by the plaintiff. Furthermore, Quint was allowed to state his opinion of the fair value of the plaintiff's services. There was also testimony by other witnesses as to the nature of the work to be performed and as to the plaintiff's ability to perform it. The defendant has not made it appear that he was harmed by the exclusion of the offered evidence.

*Exceptions overruled.*