*Northern District*

No. 7875

### CONCETTA CONSOLO

v.

### MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Argued: Sept. 7, 1972 - Decided: Nov. 20, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *Rizzotto, J.* in the East Boston District Court, No. 11075.

**Mason, J.** The plaintiff seeks to recover for personal injuries sustained on September 4, 1969 from a fall caused by an alleged defect and unsafe condition on stairs maintained by the defendant at its State Street-Devonshire entrance. The defendant answered by a general denial and contributory negligence on the part of the plaintiff.

**There was evidence that** the plaintiff lived in East Boston, traveled daily to Boston where she was employed, and was accustomed to using the stairway where she fell. The plaintiff was the only witness and testified that on the day in question, as she placed her right foot on the top step, the heel of her left foot caught on a gouge on the second step; as she went to bring her foot to the platform, her shoe came off and she fell on her right side. She further testified that the heel of her shoe caught in a gouge on the riser of the second step and that the gouge was located below the metal tread of the stairs, seven inches above the bottom of the riser, resulting in a one quarter inch lip below the metal tread. The

plaintiff described the gouge as being four inches long; one and one-half wide and one and one-half inches deep. She demonstrated to the court the dimensions of the defect and how her heel was caught therein. The plaintiff testified that she first saw the gouge approximately four months prior to the accident and had seen it from time to time thereafter to the date of the accident.

On cross-examination the plaintiff testified that she did not observe the condition of the riser on the date of the accident and that she did not see the riser again until approximately four months after the accident when she returned to work.

At the conclusion of the plaintiff's case the defendant moved to strike the plaintiff's testimony as to the condition of the stair on the date of the accident. The motion to strike was denied and the defendant claimed a report to the court's ruling.

At the close of the trial and before final arguments the defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants, were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding

that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

The court made a general finding for the plaintiff and denied all of the defendant's requests for rulings.

The defendant claims to be aggrieved by the court's denial of its motion to strike and also by the court's denial of its requests for rulings.

For the plaintff to prevail she must prove the condition of the stairway on the date of the accident, that the defendant was negligent in maintaining the stairway and that negligence was the cause of the plaintiff's injuries. All evidence material to the issues has been reported.

Evidence may be allowed which tends to show the condition of the stairway between certain dates, which include the date of the accident, even though the witness is not able to specifically remember the condition on the date in question. *Neal* v. *Boston,* 160 Mass. 518.

Evidence of a condition after an accident may be admitted to show the condition as it existed at the time of the accident but only when accompanied by testimony that the condition has not changed from the date of the accident. *George* v. *Haverhill,* 110 Mass. 506.

There must be evidence which enables the

trier of fact to determine the condition of the stairway at the time of the injury.

· The only evidence relating to the stairway subsequent to the accident is that the plaintiff first saw the riser four months after her fall, but no testimony was reported as to its condition.

█. A witness must have requisite knowledge of matters material to the issue. "Ordinarily if a witness offers to testify that he has knowledge of a material matter acquired by the exercise of his own senses, it is for the trier of fact to determine whether the testimony is to be believed . . . if the witness proposes to testify that he actually perceived a material matter, he must usually be permitted so to testify . . . consequently when a witness offers to testify to a personal experience relevant in itself, the question of the possibility of the truth of his story is rarely raised by an objection to its admissibility." ALI Model Code of Evidence, Rule 104, comment. It is more generally raised by a motion to strike, *Malchanoff* v. *Truehart,* 354 Mass. 118, 122, and if the grounds for the objection are not apparent until after the evidence is admitted, a motion to strike is the proper remedy. *Buckley* v. *Frankel,* 262 Mass. 13, 15.

The plaintiff was the sole witness to the facts necessary to sustain her case. There was nothing to indicate on direct examination that the plaintiff was not describing the condition

of the stairway on the date of the alleged accident. Not until cross-examination of the plaintiff, was it revealed that she did not observe the condition of the riser on the day of the accident.

On cross-examination, it appeared that the plaintiff did not have possession of knowledge sufficient for her to testify concerning the condition of the stairway on the date in question and the motion to strike should have been allowed.

The requests for rulings were directed to the sufficiency of the evidence and were denied by the trial judge.

Where the trial judge denies requests that evidence warrants a certain finding decisive of the case, it must be made clear by special findings that such denial was not due to an erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. *Rummel* v. *Peters,* 314 Mass. 504, 517, 518.

The standard of review of the judge's denial is whether, upon the evidence, with all rational inferences which might be drawn therefrom, a finding for the plaintiff can be sustained. *Heil* v. *McCann,* 1971, 359 Mass. ——.

Having ruled that the plaintiff did not have possession of knowledge sufficient for her to testify concerning the condition of the stairway, upon the evidence a finding for the plaintiff cannot be sustained.

The requests also required the judge to grant them or to state facts found by him which made the requests inapplicable and otherwise comply with Rule 27 of the Rules of the District Courts (1972). His failure to do so was error.

**Finding for the plaintiff is vacated and a finding for the defendant is to be entered.**

ALEXANDER E. FINGER of Boston
for the Plaintiff

ALBERT E. GOOD of Jamaica Plain
for the Defendant