ERNEST LE FOREST *vs.* JOHN C. TOLMAN.

Middlesex.    January 12. — 27, 1875.    AMES & ENDICOTT, JJ., absent.

If a dog, owned and kept in this Commonwealth, strays into another state and there bites a person, no action lies against the owner or keeper on the Gen. Sts. *c.* 38 § 59, for such injury.

TORT, under the Gen. Sts. *c.* 88, § 59, to recover double the amount of the damage sustained from the bite of a dog.

At the trial in the Superior Court, before *Aldrich,* J., it appeared that the plaintiff was bitten and injured by the defendant's dog at Pelham, in the State of New Hampshire, where the plaintiff lived with his father and mother; that the defendant was a resident of Dracut, in this Commonwealth, and had a place of business in Lowell, and kept his dog at Dracut and at his place of business in Lowell; that the day the injuries complained of were done, the defendant's dog strayed away from his owner into New Hampshire, and was seen several times in the neighborhood of the plaintiff's residence; that the next day the plaintiff's father received the dog and carried him to the defendant at his place of business in Lowell. Upon this state of facts, the defendant asked the judge to rule that the action could not be maintained, which the judge declined to do. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. A. F. Swan,* for the defendant.

*G. Stevens & W. H. Anderson,* for the plaintiff.

GRAY, C. J. In order to maintain an action of tort, founded upon an injury to person or property, and not upon a breach of contract, the act which is the cause of the injury and the foundation of the action must at least be actionable or punishable by the law of the place in which it is done, if not also by the law of the place in which redress is sought. *Smith* v. *Condry,* 1 How. 28; *S. C.* 17 Pet. 20. *The China,* 7 Wall. 53, 64. *Blad's case,* 3 Swanst. 603. *Blad* v. *Bamfield,* Ib. 604. *General Steam Navigation Co.* v. *Guillou,* 11 M. & W. 877. *Phillips* v. *Eyre,* L. R. 4 Q. B. 225, 239, and L. R. 6 Q. B. 1. *The Halley,* L. R. 2 Adm. 3, and L. R. 2 P. C. 193. *Stout* v. *Wood,* 1 Blackf. 71. *Wall* v. *Hoskins,* 5 Ired. 177. *Mahler* v. *Norwich & New York Transportation Co.* 35 N. Y. 352. *Needham* v. *Grand Trunk*

*Railway*, 38 Vt. 294.    *Richardson* v. *New York Central Railroad*, 98 Mass. 85.

In the case at bar, the injury sued for was done to the plaintiff in New Hampshire by a dog owned and kept by the defendant in Massachusetts.   Such an action could not be maintained at common law, without proof that the defendant knew that his dog was accustomed to attack and bite mankind.   *Popplewell* v. *Pierce*, 10 Cush. 509.   *Pressey* v. *Wirth*, 3 Allen, 191.   No evidence of such knowledge, or of the law of New Hampshire, was introduced at the trial.   Nor is it contended that the defendant would be liable to any action or indictment by the laws of that state.

The plaintiff relies upon the statute of this Commonwealth, which provides that " every owner or keeper of a dog shall forfeit to any person injured by it double the amount of the damage sustained by him, to be recovered in an action of tort." Gen. Sts. *c.* 88, § 59.   This statute is not a penal, but a remedial statute, giving all the damages to the person injured.   *Mitchell* v. *Clapp*, 12 Cush. 278.   It does not declare the owning or keeping of a dog to be unlawful, but that if the dog injures another person, the owner or keeper shall be liable, without regard to the question whether he had or had not a license to keep the dog. The wrong done to the person injured consists not in the act of the master in owning or keeping, or neglecting to restrain, the dog, but in the act of the dog for which the master is responsible.

The defendant having done no wrongful act in this Commonwealth, and the injury for which the plaintiff seeks to recover damages having taken place in New Hampshire, and not being the subject of action or indictment by the laws of that state, this action cannot be maintained.            *Exceptions sustained.*