## FRANCES B. SEARLES *vs.* JONATHAN LADD.

Middlesex.   January 10. — 11, 1878.   AMES & LORD, JJ., absent.

In an action under the Gen. Sts. *c.* 88, § 59, the declaration alleged that the defendant's dog "attacked and bit the plaintiff, and wounded her in the arm." There was evidence at the trial that the dog was muzzled, and could not, with the muzzle on, have bitten the plaintiff; and that the muzzle had two buckles on it. The plaintiff testified that the dog bit her, and that the buckles did not cause the injury. The jury were instructed that if the dog wounded the plaintiff by biting her, the action could be maintained; but unless it was proved that the dog bit the plaintiff, the action could not be maintained. *Held,* that the plaintiff had no ground of exception to the instructions; and that it was not open to her to contend in this court that the instructions were erroneous, because the jury might have found that the injury was caused by the buckles.

TORT under the Gen. Sts. *c.* 88, § 59.  The declaration was as follows: " And the plaintiff says the defendant, on or about November 25, 1876, was the keeper of a certain dog; that on or about the said day the said dog, while in the keeping of the defendant, attacked and bit the plaintiff and wounded her in the arm, whereby the plaintiff was occasioned great pain of body and anguish of mind, and was obliged to expend, and did in fact expend, a large sum of money in endeavoring to heal herself of said wound, and also sustained great damage by injury to her clothing."  Trial in the Superior Court, before *Rockwell,* J., who allowed the following bill of exceptions:

" Evidence was introduced tending to show that the defendant's dog bit the plaintiff.  The plaintiff testified that she went into a provision dealer's shop and bought some meat, which she carried in a satchel under her left arm; that, as she was going out of the door, the dog, with a strap muzzle on, lay at the door, and she said to him, ' Doggie, ain't you going to let me out? that, as she passed out by him, the dog did not growl, but rose up on his haunches and seized the wrist of her right hand with

his mouth, and when she had gone a few rods she noticed blood on her hand, and then, for the first time, knew that she was bitten. It also appeared in evidence that there was but one wound, and that was in the right wrist, going through the skin and into the flesh, and was about one third of an inch long, and there was no other wound or mark upon her wrist. There was evidence that the muzzle which the dog wore had a buckle on the top and another on the side of his head, buckling together the straps, which were otherwise all smooth, and that with the muzzle on he could not have opened his mouth so as to bite the plaintiff, and could not have taken her wrist in his mouth, and could not have bitten her. The plaintiff further testified that she saw her wrist in the dog's mouth ; that she did not hit the buckles, and they did not cause the injury, but it was caused by the bite of the dog. There was evidence that the plaintiff, some time after the accident, said that, as she was going out of the door, the dog rose up and stood on his haunches, and, as she felt his cold nose on her wrist, she switched back her dress, which she was holding with her right hand by her side, and went out, and did not know she was hurt till she got some way off. There was no other evidence in the case how the injury was caused, or what caused it.

" The judge instructed the jury that if they should be satisfied, upon the whole evidence, that the defendant's dog wounded the plaintiff by biting her, the plaintiff's action could be maintained, and she could recover damages under her declaration ; but, unless it was proved that the dog bit the plaintiff, the action could not be maintained."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. B. Wyman*, for the plaintiff.

*D. S. Richardson*, for the defendant.

BY THE COURT. The instruction to the jury was all that the case called for. The plaintiff testified that the dog bit her, and does not appear to have contended at the trial that she was injured in any other manner.          *Exceptions overruled.*