NETTIE L. DENISON *vs.* TRUMAN S. LINCOLN.

Franklin.   Sept. 21, 1880; June 27. — 30, 1881.   COLT, J., absent.

If the act of a dog is the sole and proximate cause of the shying of a horse, and
such shying is not the result of any vicious habit of the horse, the fact that the
shying contributed to the plaintiff's injury does not prevent him from main-
taining an action against the owner of the dog under the Gen. Sts. c. 88, § 59.

A dog may be found to have attacked a horse upon a highway, although the dog
did not leave his master's premises, nor go within fifteen feet of the horse, nor
bark or make any noise.

TORT, under the Gen. Sts. *c.* 88, § 59, to recover double the
amount of the damage alleged to have been caused by the de-
fendant's dog. Trial in the Superior Court, before *Allen*, J.,
who allowed a bill of exceptions, in substance as follows :

The plaintiff offered evidence tending to show that she was
riding with her husband in a carriage drawn by her husband's
horse, in October 1878, upon a highway ; that the defendant and
his dog were in a lot occupied by the defendant ; and that the
dog bounded furiously down the lot, leaped down the bank wall
of the lot by the highway into the road, in front of the horse,
as though to attack the·horse, and frightened the horse so that
he shied over the opposite bank and upset the carriage and badly
injured her. The defendant offered evidence that the dog did
not act offensively to the plaintiff or the horse, and did none of
the acts mentioned ; that nothing occurred or was done by the
dog that would naturally cause the horse to shy, or that afforded
any excuse or reason for the horse to act as he did; that the
horse behaved badly and·improperly ; and that the accident to
the plaintiff was caused by the improper and bad conduct of the
horse.

The defendant also introduced evidence, which was contra-
dicted by the evidence for the plaintiff, that the horse had shied
and run and conducted improperly upon other occasions, and in
a way that indicated he was vicious and unmanageable.

The defendant further introduced evidence that the plaintiff
stated after the accident that the dog did not attack the horse,
and did no more than come down to the bank wall, which was
fifteen feet from the road, and put his paws on the wall. It

was conceded that the dog did not bark or make any noise, or touch the horse or the plaintiff.

The defendant contended that, if the accident was caused by the bad conduct of the horse, or if his bad conduct contributed to the accident, the plaintiff could not recover.

The judge instructed the jury, " that the plaintiff must prove that her injury was caused by some act of the dog directed against or towards the horse, and amounting to an attack or a demonstration of attack upon the horse, such as would naturally cause a horse to shy as this horse did; that such act of the dog must be the sole and proximate cause of the shying of the horse; and that, if the horse had a habit of shying amounting to a vice, and upon this occasion shied by reason of said vicious habit, or if such vicious habit contributed to the accident, the plaintiff could not recover, but if the shying of the horse was not by reason of any vicious habit of the horse, it would not prevent the plaintiff from recovering if it contributed to the accident."

The defendant then asked the judge to rule as follows: " If the dog did not leave his master's premises and did not go within fifteen feet of the plaintiff's horse, and did not bark or make any noise, the dog cannot be said to have attacked the plaintiff or her horse." The judge refused to give this instruction, and gave no instruction to that effect.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar in September 1880, and was afterwards submitted to the court on briefs.

*G. M. Stearns,* (*A. De Wolf* with him,) for the defendant.

*W. S. B. Hopkins,* (*S. T. Field* with him,) for the plaintiff.

BY THE COURT. The jury were instructed that, in order to recover, the plaintiff must prove that the act of the dog was the sole and proximate cause of the shying of the horse. This instruction was sufficiently favorable to the defendant, and precluded the return of a verdict for the plaintiff if any negligence on her part, or any fault of the horse, contributed to the accident in which she was hurt. The further instruction, that, " if the horse had a habit of shying amounting to a vice, and on this occasion shied by reason of such vicious habit, or if such vicious habit contributed to the accident, the plaintiff could not recover,

but if the shying was not by reason of any vicious habit of the horse it would not prevent the plaintiff from recovering if it contributed to the accident," is to be construed in connection with the previous instruction, and, so construed, could not have been misunderstood. The meaning evidently was, that, if the act of the dog was the sole and proximate cause of the shying, and the shying was not the result of any vicious habit of the horse, the fact that the shying contributed to the injury would not prevent a recovery by the plaintiff. The distinction in the mind of the judge, which he was endeavoring to point out to the jury, was that between a shying caused by an act of the dog, such as would naturally cause a horse to shy as the plaintiff's horse shied, and a shying which resulted from a fault of the horse. No endeavor was made to distinguish between an act of the horse resulting from a vicious habit, and a faulty act produced by some unknown cause; and the case did not call for that distinction. The instruction given had therefore no tendency to mislead the jury.

In the opinion of a majority of the court, it cannot be said that the ruling which was refused ought to have been given. There was conflicting evidence as to what the dog did, and it was a matter for the jury to determine whether his acts amounted to an attack or a demonstration of attack upon the horse. The whole evidence is not reported, and we cannot say that there may not have existed in the acts of the dog certain characteristics which made those acts amount to a demonstration of attack which would naturally cause a horse to shy, though the dog did not leave his master's premises, nor go within fifteen feet of the horse, nor bark or make any noise.

*Exceptions overruled.*