DETERMINED IN THE

# THIRD DEPARTMENT,

AT

## GENERAL TERM,

### November, 1884.

---

## JOHN D. GOODWIN, Appellant, v. HUGH YOUNG, Respondent.

*Civil damage act* — 1873, *chap.* 646 — *has no extra-territorial effect* — *a foreign law must be proved to exist.*

One Connolly, a servant of the plaintiff, a resident of Vermont, took a team of horses belonging to his master, drove them into this State and there drank a glass of liquor upon the defendant's premises and purchased whisky from him. He returned to Vermont in an intoxicated condition and placed one of the horses in a stable, leaving the door open, as a consequence of which the wind blew in upon the horse, causing its sickness and death.

In an action to recover the damages thereby sustained, brought under the "civil damage act" of this State:

*Held,* that the said act only applied to cases in which the injurious act was done in this State, and that as it had no extra-territorial effect, and as it was not shown that any similar law existed in the State of Vermont, the action could not be maintained.

Appeal from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

*T. A. Lillie,* for the appellant.

*J. M. Whitman,* for the respondent.

Learned, P. J.:

This was an action under the so-called "civil damage" act. There was proof tending to show that the plaintiff lived in Ver-

mont; that the plaintiff's servant took the plaintiff's team of horses into his State, in the ordinary course of his care of them; that in this State the servant drank a glass of liquor at the defendant's store and purchased whisky there; that he returned to Vermont in an intoxicated condition; that he put one of the team, a mare, into the barn; that he left the barn-door open; that the wind blew in upon the mare and caused her sickness and death. The plaintiff was nonsuited.

During the trial the plaintiff asked leave to amend the complaint by alleging a statute of Vermont similar in character to the "civil damage" act. The defendant objected. The case states that "the court allowed the amendment of the Vermont statute to be read, and the same was not received in evidence." This is so expressed that we do not know whether there was an intention to amend the complaint or not. But on examining the complaint we find that no amendment was made. And it is said that the Vermont statute was not received in evidence. Foreign laws are facts, and must be proved; and there is no proof in the case as to the Vermont statute or its contents. Whatever was said by the learned justice in regard to the Vermont statute is not material, because no proof is before us in the case as to the terms or even as to the existence of that statute.

Several cases cited by counsel are instances where a wrongful act, done in one State, has caused injury to a person there, and that person or his representative has sued to recover damages for such injury in another State. (*Leonard* v. *Col. Steam N. Co.*, 84 N. Y., 48; *Whitford* v. *Panama R. R. Co.*, 23 id., 465; *Richardson* v. *N. Y. C. R. R.*, 98 Mass., 85.)

The present is not quite such a case. The sale of liquor was not a wrongful act, either at common law or by the statute. It might have been an act which the defendant was specially licensed to do, by the authorities of the State. The plaintiff urges that a sale of a glass to be drank on the premises, and of two bottles to be carried away, must have violated some part of the excise law. But under the civil damage act it is of no consequence whether or not the vendor was licensed. We need not, therefore, consider the subject of the excise law. The wrongful act which caused the injury to the plaintiff was the act of Connelly, his servant, and was done in

Vermont. The plaintiff undoubtedly had a right of action against Connelly for negligence, on which he could have sued in Vermont, and probably here also. But our statute gives a cause of action for the injury, and this, as it is a special statutory provision, must refer to an injury done in this State. It cannot be intended to have an extra-territorial effect. The statute is peculiar, in that it makes an innocent man liable for the wrongful act of another. But we are confident that its effect must be limited to the State. This case is similar to that of *Le Forest* v. *Tolman* (117 Mass., 109). There the defendant owned a dog in Massachusetts. The dog strayed into New Hampshire and bit plaintiff. The plaintiff claimed to make the defendant liable on a Massachusetts statute, making every owner of a dog liable in double damages to every person injured. But it was held that the action could not be sustained. (See cases there cited.)

Our statute, as it were, imposes upon certain injuries this quality, viz.: that a person is liable for the injuries who did not cause them. It does not give that quality to an injury caused out of the State.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOOKES, J.; LANDON, J., not acting.

Judgment affirmed, with costs.