JESSE O. BOULESTER *vs.* CHARLES W. PARSONS.

Norfolk.    March 2, 1894. — March 28, 1894.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Bite of Dog — Contributory Negligence — Leading Horse behind Wagon.*

The leading of a horse behind a wagon on a country road is not such contributory negligence as will preclude the owner from maintaining an action, under the Pub. Sts. c. 102, § 93, against the owner of a dog by whom the horse is bitten while being so led.

LATHROP, J. This is an action, under the Pub. Sts. c. 102, § 93, for the loss of a horse alleged to have been bitten by the defendant's dog, in consequence of which the horse died. There was evidence that the plaintiff's brother was driving an express wagon, drawn by a pair of horses, along a country road ; that in the rear of this wagon, and attached to it by the reins, was another horse harnessed to a single wagon ; and that the defendant's dog ran out and bit the horse attached to the single wagon.

The defendant contended that it was negligence on the part of the plaintiff to lead a horse harnessed in a wagon behind and attached to another wagon. The plaintiff thereupon requested the presiding judge to instruct the jury in substance as follows. A man has a right to lead a horse in the way and manner described, and the mere fact that he was so leading a horse is not such evidence of negligence as would preclude the plaintiff from recovering in this action for the bite of the dog. The judge refused so to rule, and submitted the question to the jury whether the method of travelling adopted was negligent, and was such as to induce an attack by the dog. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the refusal to rule as requested, and to the instructions given.

We are of opinion that the ruling requested should have been given in substance. While the doctrine of contributory negligence has been often said to apply to an action on the Pub. Sts. c. 102, § 93, and we have no doubt that it does apply where the plaintiff incites or provokes a dog, and it may be in other cases, it has no application to the case at bar. The leading of a horse behind a wagon was simply a condition, and not, in any just sense, a contributory cause of the injury.

In *White* v. *Lang*, 128 Mass. 598, a person unlawfully travelling on the Lord's day was bitten by a dog, and it was held that his so travelling was merely a condition, and did not prevent his maintaining an action under the statute.

To hold that the question whether leading a horse behind a wagon should be submitted to the jury as evidence of negligence on the part of the plaintiff in inducing an attack by a dog, would render it necessary to submit to the jury the question whether the color of the horse or of the wagon, or of the clothes of the driver, might not have induced an attack. The law does not pay this respect to the characteristics or prejudices of dogs. See *Denison* v. *Lincoln*, 131 Mass. 236.

*Exceptions sustained.*

*J. J. Feely*, for the plaintiff.
*J. E. Cotter*, for the defendant.