## OREN R. WILLIAMS *vs*. JOSEPH P. BRENNAN.

Worcester. September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Dog. Proximate Cause.*

If the act of a dog causes an automobile to skid from the right hand side of a public way and to come directly in front of a horse that is being driven slowly in the opposite direction on the other side of the way, whereupon the horse rears and descends on the top of the automobile, injuring it, in an action by the owner of the automobile against the owner of the dog under R. L. c. 102, § 146, for double the amount of the damages thus sustained, the jury is warranted in finding that the dog was the sole, direct and proximate cause of the injury.

LORING, J. This is an action under R. L. c. 102, § 146, to recover double damages for injury done by the defendant's dog to the plaintiff's automobile. The presiding judge* refused to direct a verdict for the defendant and the case is here on an exception to that ruling.

It appeared that as the plaintiff was driving his automobile on the right hand side of a public way at the rate of some fifteen miles an hour, and as an ice wagon with a single heavy horse was being driven slowly in the opposite direction on the other side of the road, the defendant's dog was seen to "go" into the way some thirty or forty feet ahead of the plaintiff. The dog, which was a large one weighing one hundred and thirty-five pounds, ran toward the plaintiff's automobile, barking as he ran; when he reached the automobile he snapped at the right fore tire, but missed it, and his body struck the left fore wheel; this caused the automobile to skid to the other side of the road so that "the automobile, still in contact with the dog, came directly in front of the" horse of the ice wagon. "The dog did not touch the horse, but when the automobile came in front of the horse as aforesaid, the horse reared and descended upon the top of the automobile, causing injuries to it for which this action is brought."

The only contention made by the defendant is that on this

---

* *Quinn,* J.

evidence the jury were not warranted in finding that the dog was the sole, direct and proximate cause of the injury. *Denison* v. *Lincoln,* 131 Mass. 236, is decisive against that contention.

*Exceptions overruled.*

*J. D. Graham,* for the defendant.
*H. W. Blake,* for the plaintiff.

