HELEN SOMERS *vs.* LILLIAN H. BRODERICK & another, administrators.

Essex. October 26, 1932. — January 23, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Dog. Executor and Administrator. Damages,* In tort: double. *Survival of Action.*

The double damages, recoverable under G. L. (Ter. Ed.) c. 140, § 155, in an action of tort alleging injury caused by the bite of a dog, are not vindictive nor exemplary, and therefore G. L. (Ter. Ed.) c. 230, § 2, is not applicable, and, if the defendant dies during the pendency

of the action and it is continued against the administrator of his estate, recovery is not limited to actual damage sustained by the plaintiff.

TORT.   Writ dated September 17, 1929.

In the Superior Court, the action was tried before *Beaudreau*, J.   Material facts and rulings by the judge are stated in the opinion.   There was a verdict for the plaintiff in the sum of $2,700.   The defendants alleged exceptions.

The case was submitted on briefs.

*A. F. Welsh*, for the defendants.

*W. E. Sisk & R. L. Sisk*, for the plaintiff.

WAIT, J.   In September, 1929, the plaintiff brought action for damages caused by the bite of a dog against one Broderick, alleged in count 1 of the declaration to be the owner, and in count 2 to be the keeper of the dog.   Such an action is founded upon G. L. (Ter. Ed.) c. 140, § 155: "The owner or keeper of a dog shall be liable in tort to a person injured by it in double the amount of damages sustained by him."   The plaintiff waived count 2.   Broderick died in January, 1932, before the case came to trial.   His administrators suggested the death on the record, and were duly cited in to defend the action.   They undertook the defence, and, at the trial, requested that the court rule that only the actual damage sustained could be recovered.   The judge refused so to rule.   The jury awarded double damages in $2,700.   The case is before us upon the defendants' exception to the ruling.   G. L. (Ter. Ed.) c. 230, § 2, provides: "If an action of tort is commenced or prosecuted against the executor or administrator of the person originally liable, the plaintiff shall recover only the value of the goods taken, or the damage actually sustained, without vindictive or exemplary damages, or damages for any alleged outrage to the feelings of the injured party."   The defendants contend that this statute controls here, and that the ruling is erroneous.

In *Wilkins* v. *Wainwright*, 173 Mass. 212, a case brought, like this, to recover double damages under the statute for injury caused by dogs, this court refused to pass upon a similar contention, because the situation of the case ren-

dered it immaterial, but stated at page 213: "It may be doubted whether this last statute [that now embodied in § 2] is applicable to cases where damages are doubled under the express provisions of a statute like that before us, or like the St. of 1786, c. 81, referred to in *Reed* v. *Northfield,* 13 Pick. 94, 101, which gave the plaintiff double damages for injuries received from defects in highways." The question is now before us for decision.

The statutory provision relied upon appears first in our legislation in Rev. Sts. c. 93, § 9, in these words: "When an action of trespass is commenced or prosecuted against the executor or administrator of the trespasser, the plaintiff shall be entitled to recover only for the value of the goods taken, or for the damage actually sustained, without any vindictive or exemplary damages, or damages for any alleged outrage to the feelings of the injured party." It was prepared in connection with a § 7 which consolidated the statutes in regard to the survival of actions, and which provided that, in addition to the actions which survive at common law, there should also survive "actions of *replevin* and *trover*, actions of *trespass for goods taken and carried away*, and actions of *trespass* and *trespass on the case for damage done to real or personal estate.*" The report of the commissioners on the consolidation of statutes which culminated in the Revised Statutes of 1836, at pages 99 and 100, shows that they suggested the provision in order to put estates affected by actions of trespass *de bonis asportatis* on the same footing as those affected by actions of trover and replevin. As the law then stood, vindictive and exemplary damages and damages for outrage to the feelings could be recovered in trespass *de bonis* but not in trover and replevin. The section was passed to free estates from such damages. The Legislature, in passing the Revised Statutes, broadened § 7 of the report, by adding to the actions which should survive "actions of trespass for assault, battery, or imprisonment"; but left § 9 substantially untouched. By St. 1842, c. 89, § 1, "The action of trespass on the case, for damage to the person," (see *Putnam* v. *Savage,* 244 Mass. 83, 86,) was added to the

actions which were to survive.  Nothing was done at that time with reference to limiting recovery against estates or defendants where by existing statutes double damages were recoverable.  The only changes in the words of the statute made when it was incorporated in the General Statutes as § 2 of c. 128 were to change the word "trespass" to "tort," a change made, as the marginal reference to St. 1852, c. 312, indicates, to comply with the division of actions made by the practice act, whereby, henceforth, the actions formerly "known as . . . trespass, trespass on the case, trover, and all actions for penalties" were to be "Actions of Tort," and to substitute "person originally liable" for "trespasser."  The consolidations of statutes in the Public Statutes, the Revised Laws and the General Laws have retained the language used in the General Statutes.  Nothing indicates a legislative purpose to broaden the scope of the original enactment.  The right of action given for injuries caused by dogs was not within that scope.

It was definitely decided in *Mitchell* v. *Clapp*, 12 Cush. 278, that the statute was not penal, following the decision in *Reed* v. *Northfield*, 13 Pick. 94.  The last named case dealt with the double damages for which a town was then liable for defects in a public way.  In it Shaw, C.J., pointed out that where a statute gave a new action and fixed the damages recoverable, the damages were remedial and not punitive.  That the "dog statute" is of that nature is shown by *Le Forest* v. *Tolman*, 117 Mass. 109, in which it was held that a plaintiff bitten in New Hampshire by a dog owned in Massachusetts could not maintain an action here on the statute in the absence of proof that an action had accrued in New Hampshire under existing law in that State.  There had been no wrongful act of the defendant in New Hampshire.  Liability at common law required proof of knowledge that the dog was accustomed to attack and bite; while under our statute an owner or keeper was liable merely because of the keeping or ownership, a liability wholly statutory.  *Pressey* v. *Wirth*, 3 Allen, 191.

The damages not recoverable against an executor or administrator under the section in question (G. L. [Ter. Ed.]

c. 230, § 2), are vindictive and exemplary damages. The damages recoverable under this statute (G. L. [Ter. Ed.] c. 140, § 155), are not vindictive and exemplary. In *De Marco* v. *Pease*, 253 Mass. 499, we held that damages for death are not vindictive under G. L. c. 230, § 2. We can see no sound distinction between such damages and those given by c. 140, § 155. Both because the double damages given by c. 140, § 155, are not within the purview of c. 230, § 2, and because, if they were, they are not, under our decision, vindictive and exemplary, the ruling was right.

*Exceptions overruled.*