BERNARD CANAVAN *vs.* CHARLES GEORGE & another.

Suffolk.    January 14, 1935. — October 30, 1935.

Present: RUGG, C. J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Dog.  Evidence,* Presumptions and burden of proof.  *Words,* "Assault," "Attack," "Demonstration of attack."

Discussion by FIELD, J., of G. L. (Ter. Ed.) c. 140, § 155.

An owner or keeper of a dog was, under G. L. (Ter. Ed.) c. 140, § 155, liable to a person injured by being struck and thrown down by the dog as it ran by him.

A plaintiff was not bound by unfavorable testimony of the defendant and other witnesses whom the plaintiff had called.

TORT.    Writ dated January 24, 1930.

The action was tried in the Superior Court before *Dona-hue,* J.  There was a verdict for the plaintiff in the sum of $2,500.  The defendants alleged exceptions.

*P. H. Kelley,* for the defendants.

*J. M. Graham,* for the plaintiff.

FIELD, J.    This is an action of tort brought under G. L. (Ter. Ed.) c. 140, § 155, which is as follows: "The owner or keeper of a dog shall be liable in tort to a person injured by it in double the amount of damages sustained by him." See now St. 1934, c. 320, §§ 18, 34.  The declaration alleged in part that the defendants (Charles George and John

George) "were the owners or keepers of a dog which dog attacked and bit the plaintiff." At the close of the plaintiff's evidence he was permitted, subject to the defendants' exception, to amend his declaration by striking out the words "attacked and bit," in the phrase quoted, and substituting therefor the word "injured." The trial judge ruled in substance, at the request of the defendants, that the plaintiff could not recover unless "the defendants were the joint owners, or . . . were joint keepers of the dog." Compare *Maillet* v. *Mininno*, 266 Mass. 86, 88–89. He denied the defendants' motion for a directed verdict in their favor and refused certain rulings requested by them, and the defendants excepted. There was a verdict for the plaintiff and a special finding that the defendants were joint owners and joint keepers of the dog which injured the plaintiff.

First. The motion for a directed verdict was denied rightly.

The evidence warranted a finding that the plaintiff was injured by being struck on the leg by a dog which ran by him so that he fell upon the pavement. The defendants contend (a) that under G. L. (Ter. Ed.) c. 140, § 155, damages are recoverable for personal injury only where the injury results from "an assault, attack or bite of the dog," and that the evidence in this case did not show that injury sustained by the plaintiff so resulted, and (b) that the evidence did not warrant a finding that the defendants were the joint owners or the joint keepers of the dog which injured the plaintiff.

1. G. L. (Ter. Ed.) c. 140, § 155, in terms is broad enough to impose liability for a personal injury caused by a dog in the manner disclosed by the evidence. This statute has remained substantially unchanged since its provisions were enacted in St. 1812, c. 146, § 3 (see St. 1791, c. 38, § 4; St. 1797, c. 53, § 5; St. 1798, c. 54, § 3). Many cases arising under the statute have been decided by this court. However, neither these cases nor the history, context and apparent purpose of the statute lead to the conclusion that the statute is to be narrowed by interpretation to exclude liability for injury caused in the manner disclosed.

A dog is regarded by the common law as ordinarily harmless. And at common law the owner or keeper of a dog, himself free from negligence or other fault, is not liable for personal injuries caused by such dog unless they resulted from some extraordinary, dangerous propensity which was known, or should have been known, to the owner or keeper. *Andrews* v. *Jordan Marsh Co.* 283 Mass. 158, 161–162, and cases cited. But it is settled that G. L. (Ter. Ed.) c. 140, § 155, does not merely increase the damages recoverable at common law for an injury caused by a dog. It creates a new and different cause of action. *Somers* v. *Broderick*, 281 Mass. 550, 553. Proof that the owner or keeper of a dog causing personal injury was negligent, or otherwise at fault, or knew, or had reason to know, that the dog had any extraordinary, dangerous propensity, or even proof that the dog in fact had any such propensity, is not essential to recovery of damages under the statute. *Pressey* v. *Wirth*, 3 Allen, 191. *LeForest* v. *Tolman*, 117 Mass. 109–110. *Galvin* v. *Parker*, 154 Mass. 346, 348. *Riley* v. *Harris*, 177 Mass. 163, 165. *Riley* v. *New England Telephone & Telegraph Co.* 184 Mass. 150, 153. And the intent of the dog is immaterial. The act causing the injury may have been done "in a playful mood." *Hathaway* v. *Tinkham*, 148 Mass. 85, 88. As was said in the case last cited, the "Legislature imposes upon owners and keepers of dogs a responsibility for their acts, irrespectively of any question of their intent." And it was stated in *Sherman* v. *Favour*, 1 Allen, 191, 192–193, with respect to the statute — then Rev. Sts. c. 58, § 13 — that it "is general in its terms, and was doubtless intended to provide a remedy co-extensive with the mischief, which any person might sustain by reason of any act of a dog, which occasioned injury to him or his property," though it was intimated that there might be no liability for "injury caused by the mere presence or passing of a dog, when no act is done or attack made by him; as, for instance, where a horse is frightened merely by seeing a dog lying or running in the street," since in "such case, the dog would be only the passive cause of the injury." See also *Searles* v. *Ladd*, 123 Mass. 580. The distinction here made is that sometimes

described as a distinction between the cause and a condition of the injury.

Though in many of the cases decided by this court there was evidence that the plaintiff was injured by being bitten by a dog, the liability imposed by the statute is not limited to injury so caused. See *Sherman* v. *Favour*, 1 Allen, 191; *Denison* v. *Lincoln*, 131 Mass. 236; *Williams* v. *Brennan*, 213 Mass. 28. Nor, as the cases just cited show, is actual contact of the dog with the person injured essential to recovery. It is true that in some of the cases here decided (see, for example, *Sherman* v. *Favour*, 1 Allen, 191, 192–193; *Munn* v. *Reed*, 4 Allen, 431, 433; *Denison* v. *Lincoln*, 131 Mass. 236, 238; *Raymond* v. *Hodgson*, 161 Mass. 184, 185) the words "assault," "attack" or "demonstration of attack" were used as descriptive of a ground for liability. But clearly the word "assault" was not used in its technical sense. See Am. Law Inst. Restatement: Torts, § 21. And in *Sherman* v. *Favour*, 1 Allen, 191, 193, it was pointed out that there might be liability though there was no "actual assault." Nor does the word "attack" as used in the cases imply that intention to harm or any particular kind of act on the part of the dog is essential to liability. See *Sherman* v. *Favour*, 1 Allen, 191, 193; *Hathaway* v. *Tinkham*, 148 Mass. 85, 88. This word and the words "demonstration of attack" are particularly significant in cases where there is no contact of the dog with the person injured. See *Denison* v. *Lincoln*, 131 Mass. 236, 238. They import that the act of the dog must be a cause and not merely a condition — or "passive cause" — of the injury. See *Sherman* v. *Favour*, 1 Allen, 191, 193; *Williams* v. *Brennan*, 213 Mass. 28. But the use of the words "assault," "attack" or "demonstration of attack" does not imply that a case in which, as here, the evidence warrants a finding of contact of a dog with a person, caused by the act of the dog and resulting in injury to the person, is excluded from the application of the statute.

The terms of the statute are not narrowed in meaning by the use of the word "assault" in related statutes. See G. L. (Ter. Ed.) c. 140, §§ 156–159. On the contrary, there is more reason for thinking that the use of the word "assault" in

these sections and its omission from § 155 show that it was not intended that § 155 should be limited to injuries resulting from assaults. The provisions of G. L. (Ter. Ed.) c. 140, §§ 156–159, were first enacted in substance in St. 1791, c. 38. That act was entitled "An Act To Prevent Damage By Mischievous Dogs," and in a preamble recited that "many persons in this Commonwealth have been greatly exposed by being suddenly assaulted by mischievous Dogs." And St. 1812, c. 146, was entitled "An Act in addition to an act, entitled, 'An act to prevent damage by mischievous dogs,'" obviously referring to St. 1791, c. 38. It is not to be inferred from the title of St. 1812, c. 146, that § 3 thereof applied only to "mischievous dogs" or to injuries caused by assaults by dogs. As this title indicates, the statute was an extension of previous provisions in regard to dogs. Nothing shows the purpose of the statute which is now G. L. (Ter. Ed.) c. 140, § 155, better than its terms.

2. The defendants did not demur to the declaration. Even if it was demurrable because of the form of its allegations as to the ownership or keeping of the dog which injured the plaintiff, the defendants were not entitled to a directed verdict if the evidence warranted a finding that they were either joint owners or joint keepers of such dog. *Maillet* v. *Mininno,* 266 Mass. 86.

The evidence warranted the finding that the defendants were joint owners and joint keepers of the dog which injured the plaintiff. The defendants' contention to the contrary is that the evidence did not warrant a finding that the defendant John George was a joint owner or joint keeper of the dog with his brother, the defendant Charles George. The evidence need not be recited in detail or analyzed minutely. The plaintiff testified that the defendants were the owners of the dog and testified to facts from which it could be inferred that they were also its joint keepers. See *Anderson* v. *Middlebrook,* 202 Mass. 506, 509. The plaintiff's testimony to the sources of his information may affect the weight of his testimony but does not destroy its sufficiency as matter of law to support a finding in ac-

cordance therewith. And there were no inconsistencies in the plaintiff's testimony which necessarily destroyed its probative force. Of course contradictory evidence of a witness called by the defendants could have been disbelieved. However, testimony of the defendants and of two other witnesses was introduced as a part of the plaintiff's case. But the plaintiff was not bound by the testimony of any of the witnesses, either that which directly contradicted his testimony or that which tended to show affirmatively facts inconsistent therewith or with the ultimate facts of joint ownership or joint keeping of the dog by the defendants. *Haun* v. *LeGrand*, 268 Mass. 582, 584. *Cook* v. *Cole*, 273 Mass. 557, 559. *Marsh* v. *Beraldi*, 260 Mass. 225, 230. This is true even of the testimony of a witness — not a defendant — to a so called admission of the defendant Charles George that he was the owner of the dog, though the fact that the so called admission was made was not contradicted. Such a statement by a defendant out of court favorable to him, as this case is presented, could have no binding force upon the plaintiff not attributable to such a statement made as testimony at the trial.

Second. By the requests for rulings which were denied the defendants sought to raise questions involved in the motion for a directed verdict. They require no independent discussion. There was no error in denying these requests. And the allowance of the amendment to the declaration was within the discretion of the trial judge. The only ground urged by the defendants against the propriety of such an allowance is the restricted meaning of G. L. (Ter. Ed.) c. 140, § 155, for which they contend. If this contention is open under the exception to the allowance of the amendment, it is disposed of by what has been said in reference to the denial of the motion for a directed verdict.

*Exceptions overruled.*