WILLIAM CURRAN *vs.* ALFRED G. BURKHARDT.

Suffolk.   November 10, 1941. — December 30, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Dog. Personal Property,* Ownership. *Practice, Civil,* Exceptions: notice of filing.

Conflicting evidence in an action for damage caused by a dog alleged to be owned by the defendant warranted a finding of such ownership although a license had been issued to the defendant's son as owner.

The mere fact, that a letter containing a notice of the filing of a bill of exceptions was dated previous to such filing and stated that the filing was "this day," did not require the dismissal of the bill where it appeared that in fact the letter was delivered to the opposing attorney after such filing.

TORT.   Writ in the Superior Court dated December 15, 1937.

The case was tried before *Swift,* J., who, subject to an exception by the defendant, denied a motion that a verdict be ordered in his favor.   There was a verdict for the plaintiff in the sum of $1,900.   The plaintiff excepted to a denial by *Fosdick,* J., of a motion that the defendant's bill of exceptions be dismissed.

*J. T. Connolly,* (*T. G. Heyliger* with him,) for the defendant.

*E. J. Donlan,* for the plaintiff.

RONAN, J.   This is an action of tort under G. L. (Ter. Ed.) c. 140, § 155, as appearing in St. 1934, c. 320, § 18, to recover damages against the defendant as the owner or keeper of a dog which, the plaintiff alleges, seized the leg of his trousers as he was walking in front of the defendant's premises, and then got between his legs, causing him to fall to the sidewalk with such violence as to fracture his hip. The defendant excepted to the denial of his motion for a directed verdict.   The plaintiff had a verdict.

The plaintiff in order to recover was required to show that his injuries were caused by a dog that was owned or

kept by the defendant, *Canavan* v. *George*, 292 Mass. 245; *Leone* v. *Falco*, 292 Mass. 299; *Cudlassi* v. *MacFarland*, 304 Mass. 612, and that, at the time he was injured, he was not "committing a trespass or other tort, . . . [nor] teasing, tormenting or abusing such dog," G. L. (Ter. Ed.) c. 140, § 155, as so appearing; *Sullivan* v. *Ward*, 304 Mass. 614, or, in other words, that his own wrongful act did not contribute to his injury. *Denison* v. *Lincoln*, 131 Mass. 236. *Raymond* v. *Hodgson*, 161 Mass. 184. *Spellman* v. *Dyer*, 186 Mass. 176. *Zink* v. *Foss*, 221 Mass. 73. The sole contention of the defendant is that he was not responsible for the acts of the dog that attacked the plaintiff. There was a conflict in the testimony as to whether the plaintiff's injury was caused by a dog that was kept upon the premises owned by the defendant and where the defendant's son and his family resided, and upon which the defendant, although residing elsewhere, maintained an office in conducting a furniture moving business; or whether, if the dog involved was the one that was kept upon these premises, it was owned by the defendant or by someone else. The fact that a license respecting the dog that the plaintiff alleged caused his damage was issued to the son as owner was evidence that the dog was owned by him, *Jordan* v. *Carberry*, 185 Mass. 181; *Burns* v. *Winchell*, 305 Mass. 276, but such evidence was not conclusive — it could be rebutted by evidence tending to show that the defendant was the owner. *MacKenzie* v. *MacKenzie*, 306 Mass. 291. *Fouquette* v. *Millette*, *ante*, 351. There was testimony from the plaintiff and another witness that it was "Burkhardt's dog," and that on the day after the accident the defendant said to one of his employees, "I will have to get rid of my dog; he knocked a man down last night." It is plain that upon this evidence the ownership of the dog became an issue of fact which was properly submitted to the jury. *Stearns* v. *Doe*, 12 Gray, 482, 487. *Maillet* v. *Mininno*, 266 Mass. 86. *Baker* v. *Ratkiewicz*, 275 Mass. 174. *Canavan* v. *George*, 292 Mass. 245.

The plaintiff was entitled to recover if he proved his injury was caused by a dog owned by the defendant, and

it becomes unnecessary to determine whether the evidence was also sufficient to show that the defendant was also the keeper of the dog as alleged in the declaration.

The plaintiff excepted to the denial of his motion to dismiss the defendant's bill of exceptions on the ground that notice of the filing of the bill was not given as required by G. L. (Ter. Ed.) c. 231, § 113, and Rule 3 of the Superior Court (1932). The bill was seasonably filed on January 22, 1941, and thereafter on the same day a letter dated January 20, 1941, was delivered to the office of the plaintiff's attorney, enclosing a copy of the bill and stating that the bill was "this day filed in court." The judge could find from the affidavits upon which the motion was heard that notice of the filing of the bill had reached the plaintiff's attorney on January 22, 1941, that he then knew the bill had been filed, that the date on the letter was a mistake, and that the notice was sufficient. The statute, G. L. (Ter. Ed.) c. 231, § 113, requires that exceptions be reduced to writing "and filed with the clerk, and notice thereof . . . given to the adverse party." The purpose of the statute is to inform the other party that the bill has actually been filed. Such information was furnished in this case. While there must be a strict compliance with the statute in reference to giving notice of the filing of the bill, yet where the bill is actually filed and notice thereof given seasonably we think that such a notice is not rendered invalid by an inadvertent statement that the actual filing date was two days earlier. *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470. There is a distinction between such a discrepancy in the notice and a statement therein that a bill of exceptions has been filed when no bill has in fact been filed. *Arlington Trust Co.* v. *Le Vine,* 289 Mass. 585. *Saunders* v. *Shoe Lace Co.* 293 Mass. 265. *LaFond* v. *Registrars of Voters of Gardner,* 296 Mass. 453.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*