MAUDE S. KOLLER *vs.* ADELE S. DUGGAN & another.

Suffolk.   May 7, 1963. — June 25, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Dog.   Trespass.   Evidence,* Presumptions and burden of proof.   *Damages,* For tort.   *Practice, Civil,* Damages, New trial, Judicial discretion.   *Words,* "Trespass."

In an action for injuries from the bite of a dog against a husband and wife, an auditor's finding that the defendants were the owners and keepers of the dog warranted the trial judge's denial of the defendants' request for a ruling that the plaintiff had not sustained the burden of so proving.   [272]

A person who merely spoke to a dog and bent over to stroke and pat its back did not commit a "trespass" within G. L. c. 140, § 155, as amended.   [272–273]

Under G. L. c. 140, § 155, as amended, the "teasing, tormenting or abusing" of a dog by a person which precludes his recovery for damage done by the dog from its owner or keeper covers all wrongful acts against the dog.   [273]

In an action under G. L. c. 140, § 155, as amended, the burden is on the plaintiff to prove that at the time damage by a dog was sustained the plaintiff was not "committing a trespass or other tort" and was not "teasing, tormenting or abusing" the dog.   [273]

No abuse of judicial discretion appeared in denial of a motion by the defendants in an action for a new trial on the ground that $25,000 awarded the plaintiff, a woman employed in sales promotion who suffered serious and permanent injury to her face and chin and impairment of her speech from the bite of a dog, was excessive.   [273–274]

TORT. Writ in the Superior Court dated December 10, 1959.

The action was heard by *Tauro, J.*, who found for the plaintiff in the sum of $25,000.

*Charles W. O'Brien* for the defendants.

*Walter J. Hurley* (*Vincent J. Cosgrove* with him) for the plaintiff.

REARDON, J. The plaintiff who sustained personal injuries as a result of a dog bite brought this action of tort under G. L. c. 140, § 155, as amended through St. 1934, c. 320, § 18. The case is before us upon the defendants' exceptions to the denial of their requests for rulings, to the finding for the plaintiff, and to the denial of their motion for a new trial.

An auditor found the following facts. On February 18, 1959, the plaintiff entered for the first time a beauty salon in Boston, owned and operated by the defendant Adele S. Duggan, for the purpose of having her hair cut. Mrs. Duggan took the plaintiff's coat to hang it in a wall closet toward the rear of the shop. During this period the plaintiff addressed endearing terms to a Kerry blue terrier who stood in front of her, and patted him on the back. This dog, a male of thirty-seven pounds, about a year and a half old, rejoiced in the name "Sean O'Casey," answered to "Casey," and was jointly owned by Mrs. Duggan and the codefendant, Francis A. Duggan, her husband, who had purchased him in November, 1957, and to whom he was licensed. Mrs. Duggan walked the dog each morning, had on occasion kept the dog in her shop a good part of the day, furnished some of his food from her earnings, clipped his hair and nails and occasionally, with her husband, gave him a bath. During the ministrations to the plaintiff by Mrs. Duggan, there was some talk about trouble with children teasing the dog. At their conclusion and while Mrs. Duggan was procuring her coat, the plaintiff, having left the chair in which she had been seated, stopped at a point midway in the shop and "Casey" who had been recumbent on the floor arose and walked twelve to fifteen feet toward the plaintiff. She addressed "Casey" with the words, "Come

Koller *v.* Duggan.

on — come say good-bye,'' and ''bent over in a sort of semi-crouch with both knees flexed'' to stroke and pat the dog's back. As Mrs. Duggan was returning with the plaintiff's coat the dog growled and leapt at the plaintiff biting her in the mouth and doing such damage to her upper lip that a separation resulted large enough in size to enable her to place her tongue through it and touch her nose with her tongue. For this injury she was treated at the Massachusetts General Hospital where she remained for a week, was bedridden at home for two additional weeks, and was confined to her home for about three months thereafter. As a result of the bite she has scars on her face and chin which are permanent and not to be eradicated by plastic surgery. The nature of the plaintiff's employment was sales promotional activity, and efficient and proper verbal expression was lost to her for approximately one year with a residue of speech impairment thereafter.

At the trial before a judge sitting without jury the plaintiff rested after introducing the auditor's report. Mrs. Duggan testified that her husband owned the dog which had been asleep on the floor when the plaintiff put her hand on him.

1. In request numbered 2 the defendants have raised the question whether the plaintiff sustained the burden of proof that the defendants were the owners and keepers of the dog which bit her. The auditor so found and his finding was evidence before the trial judge to be weighed by him. See *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, and cases cited. There was evidence to warrant a finding that both defendants were owners and keepers of the dog. *Canavan* v. *George,* 292 Mass. 245, 249–250. *Curran* v. *Burkhardt,* 310 Mass. 466, 467. Since the plaintiff sustained the burden of proving joint ownership, it was unnecessary to demonstrate that the defendants were also joint keepers. *Ibid.* at pages 467–468. The trial judge rightly denied the defendants' request.

2. In request numbered 4 the defendants raised the novel question whether the plaintiff in her act of patting

the dog committed a technical trespass. General Laws
c. 140, § 155, provides for recompense for "damage to . . .
the body" by any dog "unless such damage shall have been
occasioned to the body . . . of a person who, at the time
such damage was sustained, was committing a trespass or
other tort, or was teasing, tormenting or abusing such
dog." The general term "trespass" is to be viewed in the
context of the entire statute. "The statute evidences a
legislative recognition of the right of a possessor of land
to keep a dog for protection against trespassers." *Rossi*
v. *DelDuca,* 344 Mass. 66, 70. See *Riley* v. *Harris,* 177
Mass. 163, 164–165. In any event, we do not believe that
"trespass" taken in its broadest sense should have refer-
ence to trespass to a dog. To hold that a pleasing overture
to "man's best friend" by a business or social invitee con-
stitutes a technical trespass would be to set in motion a
chain of social consequences so profound and far-reaching
as to defy present analysis. The statute specifically pre-
cludes recovery where there has been "teasing, tormenting
or abusing" of a dog. We construe it as governing in these
terms the entire gamut of wrongful acts against dogs. The
applicable rule is that particular words and phrases will
limit and define general words and phrases which are to be
found within the confines of the same statute and which
might embrace related acts or conduct. *Appleton* v. *Massa-
chusetts Parking Authy.* 340 Mass. 303, 309. The burden
was on the plaintiff to demonstrate that she was not commit-
ting a trespass or other tort and that she was not teasing,
tormenting or abusing the dog. *Sullivan* v. *Ward,* 304
Mass. 614, 615–616. *Curran* v. *Burkhardt,* 310 Mass. 466,
467. *Rossi* v. *DelDuca,* 344 Mass. 66, 69. She was found
not to have engaged in any wrongful conduct within the
meaning of the statute so as to preclude her from recovery.
This request of the defendants was thus rightfully refused.

3. No error appears in the denial of the defendants'
motion for a new trial on the ground that the damages
awarded were excessive. Such a motion is addressed to
the sound discretion of the judge and his action thereon

will be upheld unless there is clear indication that as a matter of law there was an abuse of discretion. *Bartley* v. *Phillips*, 317 Mass. 35, 40–44. *Moran* v. *Pieroni, Inc.* 326 Mass. 516, 517. The plaintiff suffered serious and permanent injury. The damages awarded were not "greatly disproportionate to the injury proved." *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172, 174.

*Exceptions overruled.*