Toomey, J.
INTRODUCTION
In this action, the plaintiff seeks recovery in negligence and under G.L.c. 140, §155, the dogbite statute, for personal injuries she sustained when, while babysitting for defendant’s child, she stepped on the defendants’ dog. The defendants move for summary judgment on both of plaintiffs’ theories of liability.
BACKGROUND
On December 16, 1989, the plaintiff, Rachel Albert, was babysitting for the 18-month-old child of the defendants, Michael and Donna Comeau. At approximately 6:30 p.m., after the defendants left the house, the plaintiff took the child upstairs to play. When the defendants’ puppy followed the plaintiff upstairs and became excited, the plaintiff drove the puppy out of the room and down the stairs. Unbeknownst to the plaintiff, the puppy climbed back up the stairs and lay down on the top stair, just below the second floor landing.
Shortly thereafter, the plaintiff picked up the child to go downstairs. While holding the baby, the plaintiff took her first step down the stairs and stepped on the dog with her left foot. Her left leg folded under her and she fell down the stairs, still holding the baby and unable to grab the hand rail. The plaintiff fractured her left tibia and fibula, and injured her back and left knee.
The plaintiff brought this action for damages under the dogbite statute, M.G.L.c. 140, §155, and in negligence. The defendants now move for summary judgment, arguing that the dogbite statute is inapplicable to this case, and that the plaintiffs own negligence, rather than the defendants’ caused the fall. Defendants shall prevail on the statutory count, but will not succeed on the common law claim.
*5 DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Liability under G.L.c. 140, §155, the dogbite statute
The issue presented by the motion at bar is whether the defendants can be held liable under G.L.c. 140, §155, for injuries arising out of their dog’s passive conduct, to wit, his simply laying down in the plaintiffs path.
M.G.L.c. 140, §155 provides as follows:
If any dog shall do any damage to either the body or property of any person, the owner . . . shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time the damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.
Although the statute is a bit opaque on the question of whether the dog’s passive conduct triggers liability, both the draftsman’s use of the verb “do” and judicial treatment of the legislation suggest that the law is focused on something more than canine inertia.
The case law supports the defendants’ position that there is liability under this statute only for a dog’s active conduct, such as biting or jumping. See, e.g., Canavan v. George, 292 Mass. 245, 248 (1935) (defendants liable where their dog bit plaintiff); Rossi v. Del Duca, 344 Mass. 66, 68-70 (1962) (same); Curran v. Burkhardt, 310 Mass. 466 (1941) (dog owner liable where dog seized plaintiffs trousers, causing plaintiff to fall). Where, however, the dog is the passive cause of the injury, such as when the dog’s mere presence or passing causes the injury, there is no liability under the dogbite statute. See Canavan v. George, 292 Mass. 245, 247 (1935).
Because the instant defendants’ puppy did not, in the words of the statute, “do any damage” or cause the plaintiffs injury by any active conduct, the defendants are entitled to summary judgment with respect to plaintiffs’ claim under G.L.c. 140, §155.
B. Liability for Negligence
The defendants next argue that they are entitled to summary judgment on the negligence count because they breached no duty to keep their premises in a reasonably safe condition. Genuine issues of material fact do exist, however, as to whether the defendants’ conduct breached their duty of reasonable care to keep the premises safe. Whether the defendants had a duty to restrain their puppy or to caution the plaintiff to be wary of the puppy are questions of material fact to be resolved by the fact finder. Therefore, summary judgment with respect to the negligence claim is inappropriate.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be:
1) ALLOWED as to the claim under M.G.L.c. 140, §155; and 2) DENIED as to the negligence claim.