NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-842

COMMONWEALTH

vs.

BRIAN A. LEAO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant, Brian Leao, was convicted of one count of animal cruelty, G. L. c. 272, § 77. The Commonwealth concedes, and we agree, that the improper admission of hearsay statements prejudiced the defendant. Because the Commonwealth adduced sufficient evidence to support a conviction, we vacate the conviction and remand for further proceedings.

Background.  On November 28, 2021, Grafton police Sergeant Michael Swift arrived at the home the defendant and his mother shared.  Swift saw a dog locked in a car; the dog was calm and there was white or yellowish insulation foam on the dog's fur. The defendant was bleeding from dog bites to his left forearm

and stomach.  Swift was permitted to testify that the defendant's mother stated it was the defendant's fault, not the dog's.  Defense counsel objected on hearsay grounds.  The judge overruled the objection because the mother was going to testify later.  Swift then testified to the following statements the defendant's mother made about the incident.

The defendant and his mother argued when the defendant began spraying insulation foam in her foyer and on her front door.  The argument upset the dog and the defendant sprayed the dog with the foam.  The defendant then "[g]rabbed the collar to the dog[,] picking the dog up and choked, ultimately choking the dog."  While "being strangulated," the dog bit the defendant on the forearm.  The defendant then released the dog.

During Swift's testimony, the Commonwealth entered two 911 calls into evidence, one made by the defendant's mother and one made by the defendant.[1]  Defense counsel did not object to the admission of the 911 calls.  In one of them, the mother stated that the defendant had "gone a little cuckoo," that he had "provoked the dog," and the dog bit him.

---

[1] We obtained an eighteen-minute audio file of 911 calls from the Commonwealth and were advised that only the first five minutes were admitted and played to the jury, though the first call was between animal control and the Grafton police dispatcher.

The Commonwealth next called the defendant's mother to testify.  She admitted calling the Grafton police and saying that the dog was biting her son but denied telling the police that the defendant had aggravated the dog.  After the audio of the mother's 911 call was played to impeach her,[2] she admitted telling the police that the defendant provoked the dog, and had gone "kind of cuckoo," but said "there was more to the story." The defendant's mother also testified that she did not recall telling Swift that it was the defendant's fault that the dog bit him.

Animal control officer Melinda Mackendrick also testified to statements the defendant's mother made about the incident.[3] Mackendrick stated that the defendant's mother told her that at some point an altercation began, the defendant sprayed the dog, and the dog bit the defendant.

---

[2] The trial transcript reads "Audio played."  When playing the audio, the prosecutor did not specify for the record which exhibit or part of an exhibit was being played.  From the transcript, we infer that the prosecutor replayed the audio of the mother's 911 call.  As with the first time the call was played, defense counsel did not object or request a limiting instruction.

[3] We note that there was no objection by defense counsel, though the judge had already ruled that the Commonwealth could offer out-of-court statements by the defendant's mother because she was testifying at trial.

3

At the close of the Commonwealth's case, defense counsel moved for a required finding of not guilty, which the trial judge denied.

The defendant called one witness; he recalled his mother. She admitted to telling the police that the defendant "was going cuckoo" and that the dog was provoking the defendant. While she was trying to get a can of spray foam from the defendant, the defendant "was getting nibbles" from the dog. She said the defendant had the dog in a restraint after the dog bit him. She affirmed that she had told police the defendant was spraying foam in the foyer of the house, but denied that she stated that the defendant sprayed the dog. She also denied telling Swift that the defendant strangled the dog.

After the jury returned a guilty verdict, the defendant moved for a required finding of not guilty notwithstanding the verdict. The trial judge denied that motion.

Discussion. 1. Motions for a required finding of not guilty. We review the denial of a motion for a required finding of not guilty to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Tavares, 484 Mass. 650, 655 (2020), quoting Commonwealth v. Cole, 473 Mass.

4

317, 334 (2015). "[I]n determining the sufficiency of the evidence, we include evidence improperly admitted." Commonwealth v. Davis, 487 Mass. 448, 462 (2021), quoting Commonwealth v. Bacigalupo, 455 Mass. 485, 490 (2009).

The defendant argues that the judge erred in denying his motions for a required finding because the Commonwealth presented no evidence that the defendant's actions were "plainly of a nature to inflict unnecessary pain," (citation omitted), Commonwealth v. Whitson, 97 Mass. App. Ct. 798, 803 (2020), and that the defendant merely defended himself against an unruly dog. Taking the evidence in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), including improperly admitted hearsay, a jury could have found that the defendant sprayed foam insulation on the dog, grabbed the dog by the collar, and strangled the dog before the dog bit him. On this evidence, a reasonable jury could conclude that the defendant inflicted "severe pain . . . upon an animal . . . without any justifiable cause" (quotation and citation omitted). Commonwealth v. Daly, 90 Mass. App. Ct. 48, 55 (2016). See Commonwealth v. Szewczyk, 89 Mass. App. Ct. 711, 717 (2016) (sufficient evidence of animal cruelty where defendant shot dog with pellet gun to chase it off his property).

5

Further, the Commonwealth's case did not deteriorate after the defendant presented his case. See Commonwealth v. Gomez, 450 Mass. 704, 710 (2008). Though the defendant's mother denied that she had told Swift that the defendant provoked the dog then strangled her by the collar, where "the defendant's evidence at trial turned solely on the credibility of his witnesses," the Commonwealth's case cannot deteriorate. Commonwealth v. Platt, 440 Mass. 396, 404 (2003). "The weight and credibility of the evidence is the province of the jury." Gomez, supra at 711.

2. Hearsay. The defendant further argues, and the Commonwealth concedes, that it was error to admit Swift's testimony about statements the defendant's mother made to him at the home because they were hearsay not subject to an exception, and that such error prejudiced the defendant. We agree.

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." Commonwealth v. Keown, 478 Mass. 232, 245 (2017), cert. denied, 583 U.S. 1139 (2018). Hearsay is not admissible unless it is subject to an exception. Commonwealth v. Wardsworth, 482 Mass. 454, 462 (2019). See Mass. G. Evid. §§ 801-804 (2024). The statements the defendant's mother made to Swift at the home were offered for their truth and, on this record, are not subject to an exception. That the mother was going to testify later in the

6

trial is not an exception to the rule against hearsay.  See Mass. G. Evid. §§ 801-804; cf. Mass. G. Evid. § 801(d)(1)(A) (where declarant testifies and is subject to cross examination about prior statement, statement is not hearsay if it "(i) is inconsistent with the declarant's testimony; (ii) was made under oath before a grand jury, or at an earlier trial, a probable cause hearing, or a deposition, or in an affidavit made under the penalty of perjury in a G. L. c. 209A proceeding; (iii) was not coerced; and (iv) is more than a mere confirmation or denial of an allegation by the interrogator"); Mass. G. Evid. § 803 (describing hearsay exceptions where availability of declarant is immaterial).  The Commonwealth rightly concedes that the admission of the hearsay was prejudicial error.  We agree.

The evidence that the defendant intentionally sprayed the dog with foam came from Swift's testimony and the 911 call. Further, the only evidence that the defendant strangled the dog before being bitten came from Swift's testimony about what the mother said.  Because "the evidence was not overwhelming, the [improper testimony] went to the heart of the case, and no specific curative instructions were given," the admission of

improper hearsay evidence was prejudicial.  Commonwealth v.

Santiago, 425 Mass. 491, 500 (1997).[4]

                                        Judgment vacated.

                                        Verdict set aside.

                                        By the Court (Henry, Grant &
                                          D'Angelo, JJ.[5]),

                                        Paul Little
                                        Clerk


Entered:  September 4, 2024.

_____

[4]  Given our remand for a new trial, we need not reach the defendant's challenge to the judge's use of dictionary definitions to respond to a jury question about the meanings of the words "torture" and "torment" in G. L. c. 272, § 77. Neither term is defined by the statute.  We note that where a term in a statute is not explicitly defined, we "must interpret the words of the statute according to their usual and accepted meaning."  Commonwealth v. Zubiel, 456 Mass. 27, 31 (2010). Further, while we agree that the term "torment" has not been defined in the context of G. L. c. 272, § 77, the Supreme Judicial Court has offered guidance on the term as it is used in the "dog bite statute," G. L. c. 140, § 155.  See Malchanoff v. Truehart, 354 Mass. 118, 123 (1968) (torment "connote[s] the doing of acts designed to annoy and irritate the person or animal to whom or which the acts are directed"); Koller v. Duggan, 346 Mass. 270, 273 (1963).

[5] The panelists are listed in order of seniority.

8